J-S31006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYLER DAVID FIX, | |
| Appellant | No. 1613 MDA 2014 |

Appeal from the Judgment of Sentence August 25, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000216-2014

BEFORE:  BENDER, P.J.E., ALLEN, J., and WECHT, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 12, 2015**

Appellant, Tyler David Fix, appeals from the August 25, 2014 judgment of sentence imposed after he was convicted of persons not to possess a firearm, 18 Pa.C.S. § 6105(a)(1), and possession of a controlled substance, 35 P.S. § 780-113(a)(16).  Appellant challenges the sufficiency and weight of the evidence to sustain his firearm conviction, as well as the discretionary aspects of his sentence.  After careful review, we affirm.

Appellant was charged with the above-stated offenses and proceeded to a non-jury trial on July 31, 2014.  The trial court summarized the evidence presented at Appellant's trial, as follows:

> [T]he record reflects that Chief John Pontician of the Womelsdorf Borough Police Department proceeded to 20 East High Street in Womelsdorf, Berks County, Pennsylvania after being informed by Nancy Ruth, [Appellant's] Aunt, that [Appellant] was living at that address.  There was an active

warrant for [Appellant's] arrest due to a parole violation. Moreover, Ms. Ruth did not want [Appellant] living at her parents' home because they were elderly and she believed his presence would have a negative impact on their health.

On the afternoon of November 6, 2013, Chief Pontician found [Appellant] illegally burning items in a barrel at the residence. As Chief Pontician was taking [Appellant] into custody, he noticed a firearm magazine and [a] number of .22 caliber long rifle cartridges at [Appellant's] feet. Also, Chief Pontician observed a Mossberg semiautomatic .22 long rifle nearby.[1] The magazine and ammunition contained in the rifle were identical to the magazine and ammunition discovered at [Appellant's] feet. In addition, Nancy Ruth testified that only her father and [Appellant] had keys to the garage where the gun was located and that she had never known her father to keep firearms in the house.

Trial Court Opinion (TCO), 11/14/14, at 3-4 (citations to the record omitted).

Based on these facts, the trial court found Appellant guilty of persons not to possess a firearm. Additionally, at the time of Appellant's arrest, he was found to be in possession of the prescription drug Benzodiazepine, for which he did not have a prescription. N.T. Trial, 7/31/14, at 30-31. Accordingly, the court also convicted Appellant of possession of a controlled substance.

---

[1] Chief Pontician testified that Appellant was standing close to an open door leading into the garage and, just inside the garage, the chief could "see the butt of a rifle stock." N.T. Trial, 7/31/14, at 23-24. Chief Pontician stated that Appellant was standing approximately 6 to 7 feet from the gun. *Id.* at 29.

On August 25, 2014, the court sentenced Appellant to an aggregate term of five to ten years' incarceration, followed by three years' probation. Appellant filed a timely post-sentence motion, which the court denied. He then filed a timely notice of appeal, as well as a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant raises three issues for our review:

A. Whether the evidence was insufficient to establish the guilty verdict of Persons Not to Possess, Use, Manufacture, Control, Sell or Transfer Firearms under 18 Pa.C.S.A. [§] 6105(a)(1) where the evidence presented at trial was insufficient to prove beyond a reasonable doubt that Appellant had actual or constructive possession of a firearm[?]

B. Whether the verdict of guilty for Persons Not to Possess, Use, Manufacture, Control, Sell or Transfer Firearms under 18 Pa.C.S.A. [§] 6105(a)(1) was contrary to the weight of the evidence presented, which showed that Appellant's father was the sole owner of the rifle[?]

C. Whether the court abused its discretion by sentencing Appellant to a term of five (5) to ten (10) years['] incarceration followed by three (3) years of special probation where the period of confinement and the consecutive probation sentence are greater than that which would be consistent with the sentencing factors including the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of [] Appellant[?]

Appellant's Brief at 6 (footnote omitted).

Appellant first argues that the evidence was insufficient to sustain his firearm conviction.

> Our standard of review in a sufficiency of the evidence challenge is to determine if the Commonwealth established beyond a reasonable doubt each of the elements of the

offense, considering all the evidence admitted at trial, and drawing all reasonable inferences therefrom in favor of the Commonwealth as the verdict-winner. The trier of fact bears the responsibility of assessing the credibility of the witnesses and weighing the evidence presented. In doing so, the trier of fact is free to believe all, part, or none of the evidence.

*Commonwealth v. Newton,* 994 A.2d 1127, 1131 (Pa. Super. 2010), *appeal denied,* 608 Pa. 630, 8 A.3d 898 (2010), quoting *Commonwealth v. Pruitt,* 597 Pa. 307, 318, 951 A.2d 307, 313 (2008) (citations omitted). The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant. *Commonwealth v. Markman,* 591 Pa. 249, 270, 916 A.2d 586, 598 (2007).

*Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013).

Here, Appellant maintains that his conviction of persons not to possess a firearm cannot stand because the Commonwealth failed to prove that he constructively possessed the gun discovered inside the garage.

Constructive possession is a legal fiction, which is invoked when actual possession at the time of arrest cannot be shown, but there is a strong inference of possession from the facts surrounding the case. Constructive possession has been defined as "conscious dominion," which requires two elements: the power to control the contraband and the intent to exert such control.

*Commonwealth v. Battle*, 883 A.2d 641, 644-645 (Pa. Super. 2005).

Appellant acknowledges that his "presence at the home could arguably establish the first element of constructive possession, [*i.e.*] that he had the power to exercise control over the contraband…."  Appellant's Brief at 14. However, he argues that "the Commonwealth failed to offer evidence that it was his intention to possess the rifle."  *Id.*

- 4 -

We disagree. We reiterate that "[t]he Commonwealth may sustain its burden by means of wholly circumstantial evidence…." *Hopkins*, 67 A.3d at 820 (citation omitted). In this case, Chief Pontician testified that he discovered at Appellant's feet the *exact same* type of magazine and ammunition that were found in the firearm. Ms. Ruth testified that only Appellant and her father (Appellant's grandfather) had keys to the garage, and she did not know her father to keep guns at the home. When Chief Pontician arrived at the scene on November 6, 2013, Appellant was standing just outside the open door to the garage with the firearm located six to seven feet away. We conclude that this circumstantial evidence was sufficient to permit the trial court, as the fact-finder, to conclude that Appellant had the intent to exert control over the firearm. Accordingly, his challenge to the sufficiency of the evidence is meritless.

Next, Appellant contends that his conviction of persons not to possess a firearm was contrary to the weight of the evidence presented at trial.

> Our standard of review for a challenge to the weight of the evidence is well-settled: The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses. As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. Our appellate courts have repeatedly emphasized that [o]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence.

> Furthermore,

> where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Rabold***, 920 A.2d 857, 860-861 (Pa. Super. 2007) (internal citations and quotation marks omitted).

Appellant's challenge to the weight of the evidence hinges primarily on the trial court's decision to disbelieve the testimony of his father, Ronald Fix. Mr. Fix testified that he owned the rifle found in the garage, and claimed that he had placed it there "because [he did not] want to drive around with it in his vehicle." N.T. Trial at 56. Appellant contends that,

> the trial court chose to completely discredit the testimony of Ronald, the owner of the rifle in question, while finding [Ms.] Ruth's and the officers' testimony credible. In denying Appellant's Motion for a New Trial, the trial court provided no reasoning as to why it found [Ms.] Ruth's and the officers' testimony entirely credible, while disbelieving the testimony of the rifle's owner.

Appellant's Brief at 16. Appellant also reiterates his argument that the Commonwealth failed to prove he constructively possessed the firearm.

Initially, Appellant cites no legal authority to support his suggestion that a trial court is required to state the rationale underlying its credibility determinations. In any event, the trial court provides the following explanation in its Pa.R.A.P. 1925(a) opinion:

> This court found the testimony of Nancy Ruth and the police officers to be credible. Furthermore, *due to his demeanor*, *as*

- 6 -

> *well as the circumstantial evidence presented at trial concerning [Appellant's] constructive possession of the rifle*, we found Ronald Fix's testimony that he placed his rifle in the garage at his parents' home to be incredible. Given these facts, the verdict certainly fails to shock one's sense of justice.

TCO at 5 (emphasis added). Based on the court's discussion, we ascertain no abuse of discretion in its decision to deny Appellant's challenge to the weight of the evidence. Additionally, Appellant's claim that the verdict was contrary to the weight of the evidence because the Commonwealth did not demonstrate that he constructively possessed the gun is meritless for the reasons stated *supra*.

Lastly, Appellant presents a challenge to the discretionary aspects of his sentence. However, we are constrained to deem this issue waived. The Pennsylvania Rules of Appellate Procedure explicitly state:

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter *shall* set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement *shall* immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

Pa.R.A.P. 2119(f) (emphasis added). Here, Appellant has not included a Rule 2119(f) statement in his brief to this Court. "While this does not automatically waive his claim on appeal, we may not reach the merits of [the] claims where the Commonwealth has object[ed] to the omission of the statement." **Commonwealth v. Hudson**, 820 A.2d 720, 727 (Pa. Super. 2003) (internal citation and quotation marks omitted). The Commonwealth

has expressly objected to Appellant's omitted Rule 2119(f) statement in its brief to this Court. *See* Commonwealth's Brief at 12-13. Accordingly, we are constrained to deem Appellant's challenge to the discretionary aspects of his sentence waived. ***See Commonwealth v. Anderson***, 830 A.2d 1013, 1017 (Pa. Super. 2003) ("[I]f the appellant fails to comply with [Rule] 2119(f) and the Commonwealth objects, the issue is waived for purposes of review.") (citations omitted).

Nevertheless, even if Appellant had not waived his sentencing challenge, we would conclude that it is meritless.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Hoch***, 936 A.2d 515, 517–18 (Pa. Super. 2007) (citation omitted).

The trial court explains in its opinion, and the record confirms, that the court "thoroughly considered the sentencing guidelines, a pre-sentence investigation report, the facts admitted on the record, and arguments of counsel and [Appellant] before imposing a sentence within the standard range of the sentencing guidelines." TCO at 6-7. In fashioning Appellant's sentence, the court took into account Appellant's "age, his prior record score, the fact that he had not done well under county supervision, and the

fact that he was on parole at the time he committed the instant offenses…."

*Id.* at 7. In light of these circumstances, the "court concluded that a standard range sentence followed by a period of probation was appropriate."

*Id.* Based on our review of the record, and the court's discussion, we would conclude that Appellant's sentence was not an abuse of the court's discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/2015