J-S24025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VICTOR BALLARD, | |
| Appellant | No. 2715 EDA 2014 |

Appeal from the PCRA Order entered August 14, 2014,
in the Court of Common Pleas of Bucks County,
Criminal Division, at No(s): CP-09-CR-0001328-2012

BEFORE: GANTMAN, P.J., ALLEN, and MUSMANNO, JJ.

MEMORANDUM BY ALLEN, J.: **FILED APRIL 13, 2015**

Victor Ballard ("Appellant") appeals from the order denying his petition for relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. sections 9541-46. We affirm.

The PCRA court summarized the pertinent facts as follows:

> In December 2010, the Thirty-Second Statewide Investigating Grand Jury began hearing evidence concerning a large scale heroin distribution ring operating in six counties within the Commonwealth—Philadelphia, Chester, Delaware, Montgomery, Perry, and Bucks. The Grand Jury issued three Presentments: Presentment No. 2, issued March 23, 2011; Presentment No. 8, issued June 21, 2011; and Presentment No. 18, issued October 13, 2011. Those Presentments collectively recommended that the Attorney General arrest and prosecute thirty-one individuals, including [Appellant], identified as belonging to the "Black Widow" heroin distribution ring, for violations of the Controlled Substance, Drug, Device, and Cosmetic Act, the Corrupt Organizations statute, and other offenses under the Crimes Code as a result of the widespread

dissemination of heroin stamped "Black Widow" in southeast Pennsylvania. During this investigation, [Appellant], a.k.a. "VI," was electronically intercepted on numerous occasions ordering large amounts of heroin and was observed by police meeting his supplier at a prearranged location to make a purchase. The cellphone used to arrange these transactions was later found in [Appellant's] possession.

PCRA Court Opinion, 11/12/14, at 1-2 (footnotes omitted).

Appellant's case was called for trial on March 16, 2012. During jury selection, Appellant notified counsel that he wished to accept a plea agreement offered by the Commonwealth. Thereafter, Appellant entered guilty pleas to multiple drug and drug-related offenses. In return, the Commonwealth waived all applicable mandatory sentences and recommended an aggregate sentence of 7½ to 15 years of imprisonment. That same day, the trial court sentenced Appellant in accordance with the plea agreement.

On September 7, 2012, Appellant filed a *pro se* PCRA petition, as well as a supplemental petition on December 17, 2012. On February 22, 2013, the PCRA court appointed counsel, and on September 9, 2013, PCRA counsel filed an amended PCRA petition. As his sole basis for relief, Appellant asserted that he entered an invalid plea because trial counsel coerced him to do so, and that he was actually innocent of all charges. On April 14, 2014, the PCRA court held an evidentiary hearing, at which both Appellant and trial counsel testified. By order entered August 14, 2014, the PCRA court denied Appellant's request for post-conviction relief. The PCRA court subsequently

permitted PCRA counsel to withdraw, and the appointed present counsel. This timely appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Within his brief, Appellant raises the following issues:

A. Whether the PCRA [court] erred by not finding Appellant's trial [counsel] ineffective for telling Appellant that he will get "a hundred years" for a sentence, well above [] Appellant's guidelines.

B. Whether the PCRA [court] erred by not finding Appellant's trial [counsel] ineffective for coercing Appellant to plead guilty by repeatedly urging [him] to plead guilty, thus creating a "brain washed" effect.

Appellant's Brief at 4.

In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." *Id.* Moreover, to be entitled to relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence arose from one or more of the errors enumerated in section 9543(a)(2) of the PCRA. One such error involves the ineffectiveness of counsel.

To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence

that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Johnson*, 966 A.2d at 532. "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* Counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

In both of his issues, Appellant argues that trial counsel's ineffectiveness led him to enter an invalid plea. Appellant claims that, "[d]espite Appellant's statements during his guilty plea colloquy, his ability to recognize that he was coerced, involuntary, and unknowing [sic] did not arise until proper reflection over time." Appellant's Brief at 8. Appellant further asserts that, "[u]pon proper reflection, [he] believes that the improper suggestions by trial counsel that Appellant would get a significant prison sentence combined with consistent representation that [he] should plead guilty gives rise to an unknowing plea that is caused by ineffective

- 4 -

counsel." **Id.** According to Appellant, "[g]iven this tragic combination, the [PCRA court's] decision denying relief should be reversed." **Id.** We disagree.

When asserting a claim of ineffectiveness of counsel in the context of a guilty plea, a defendant must show that plea counsel's ineffectiveness induced him to enter the plea. **Commonwealth v. Johnson**, 875 A.2d 328, 331 (Pa. Super. 2005). This Court stated:

> Because a plea of guilty effectively waives all non-jurisdictional defects and defenses, after sentencing, allegations of ineffectiveness of counsel in this context provide a basis for withdrawal of the plea only where there is a causal nexus between counsel's ineffectiveness, if any, and an unknowing or involuntary plea. The guilty plea hearing becomes **the** significant procedure under scrutiny. The focus of the inquiry is whether the accused was misled or misinformed and acted under that misguided influence when entering the guilty plea.

**Commonwealth v. Flood**, 627 A.2d 1193, 1199 (Pa. Super. 1993) (citations omitted).

Further, this Court summarized:

> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.
>
> *       *       *
>
> The long standing rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for

- 5 -

withdrawing the plea which contradict the statements he made at his plea colloquy.

\* \* \*

[A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Commonwealth v. Pollard*, 832 A.2d 517, 523-24 (Pa. Super. 2003) (citations omitted).

The PCRA court explained why his exchange with Appellant during the guilty plea colloquy established the validity of Appellant's guilty plea. *See* PCRA Court Opinion, 11/12/14, at 4-6, citing notes of testimony from the 3/16/12 plea hearing. Our review of the guilty plea transcript supports the PCRA court's conclusions that Appellant testified that no one forced him to enter his guilty plea, no one promised him anything in exchange for his plea other than the recommended sentence, and that he had sufficient time to speak with trial counsel about the case.[1] In addition, Appellant agreed to the factual basis for his plea. *See* N.T., 3/16/12, 29-40.

_____

[1] According to Appellant, trial counsel "admitted at the time of the plea that there were portions of the plea that had not been covered in his representation." Appellant's Brief at 11. To support this contention, Appellant takes a singular "No" answer out of context. *See* N.T., 3/16/12, at 301. Nevertheless, Appellant informed the trial court that he had sufficient time to discuss these aspects of his case with trial counsel and that he was satisfied with the quality of trial counsel's representation. *See id.*, at 31.
*(Footnote Continued Next Page)*

Appellant's answers to the trial court's inquiry during the guilty plea colloquy contradict Appellant's claims in his amended PCRA petition. The fact that at the PCRA hearing Appellant admitted that he lied to the court, *see* N.T., 4/14/14, at 42, does not provide a basis for post-conviction relief. ***Pollard***, ***supra***.

The PCRA court summarized the conflicting testimony presented by Appellant and his trial counsel at the PCRA hearing as follows:

> During the PCRA hearing, [Appellant] testified that he is innocent of the charges to which he pled guilty. He asserted that he was coerced into pleading guilty, and that [trial counsel] "basically like brainwashed me to plead guilty" by repeatedly advising him to "plead guilty because you are not going to win." [Appellant] also testified that counsel told him, "If you go to trial, you will get 100 years - - I don't recall, but he said a lot of time."
>
> ***
>
> Trial counsel testified that he recommended to [Appellant] that he plead guilty based on the strength of the Commonwealth's evidence, including the audio recordings and visual surveillance. He testified that although [Appellant] was initially strongly opposed to pleading guilty because he believed that there was insufficient evidence to establish that he possessed any drugs, his stance began to change following receipt of supplemental discovery that placed [Appellant] in possession of the telephone used during the drug transactions. Trial counsel testified that, following the receipt of supplemental discovery, [Appellant] then wanted counsel to negotiate a plea agreement. After negotiations and immediately before jury selection, the Commonwealth made a final offer to recommend a lesser sentence than

*(Footnote Continued)* _____

had previously been offered. Trial counsel testified that he was prepared for trial and, in fact, had begun jury selection. He testified that, in the middle of jury selection, [Appellant] passed him a note that stated, "I will take the deal."

PCRA Court Opinion, 11/12/14, at 3-4; 6-7 (footnotes omitted).

The PCRA court then addressed Appellant's specific claim regarding his possible sentence:

It is important to note that this Court also found the testimony of [Appellant's trial counsel] to be credible as opposed to that of [Appellant].

\*\*\*

[Appellant] asserts on appeal that this Court "erred by not finding [trial counsel] ineffective for telling [him] that he will get 'a hundred years' for a sentence, well above [Appellant's] guidelines." This argument is not supported by the record. [Appellant] testified that trial counsel told him, "If you go to trial, you will get 100 years – *I don't recall but he said a lot of time*." It is therefore not at all clear what, if anything, counsel allegedly said to [Appellant] regarding sentencing. What is clear is that [Appellant] was, in fact, facing "a lot of time." [Appellant's] maximum exposure, if convicted of all charges, was 120 to 240 years. [N.T., 4/14/14, at 3.] Trial counsel cannot be deemed ineffective for advising [Appellant] of the applicable maximum sentence.

\*\*\*

Given the nature of the drug organization involved, the degree of [Appellant's] involvement in the organization and his substantial criminal history, which included convictions for both crimes of violence and drug distribution, it would be more than appropriate for trial counsel to advise [Appellant] to expect a lengthy sentence if convicted. Trial counsel cannot be found to be ineffective for giving accurate and indispensable information to [Appellant] in making an informed decision

as to whether to accept or reject the offered plea agreement.

PCRA Court Opinion, 11/12/14, at 6; 7; 8 (footnotes omitted).

Once again, our review of the record supports the PCRA court's conclusions. The PCRA court credited the testimony of counsel over the testimony and allegations made by Appellant at the PCRA hearing. We cannot disturb this determination. *See Commonwealth v. Battle*, 883 A.2d 641, 648 (Pa. Super. 2005) (explaining that credibility determinations are solely within the province of the PCRA court).

Additionally, within his brief, Appellant refers to secondary sources, such as law review and other articles, to support his claim that "his assertion that his plea was not voluntary and was unknowing is supported by academia and his own trial counsel." Appellant's Brief at 12. As noted *supra* at n.1, the record refutes Appellant's characterization of trial counsel's testimony. To the extent Appellant cites to "academia" sources, this claim was not presented to the PCRA court and is therefore waived on appeal. *See generally*, Pa.R.A.P. 302(a).

Based on the foregoing, we affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/13/2015</u>