J-S36010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KEVIN LEEMON HARRIS | |
| Appellant | No. 1814 MDA 2015 |

Appeal from the PCRA Order September 24, 2015
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000150-2014

BEFORE:  DUBOW, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED AUGUST 23, 2016**

Appellant, Kevin Leemon Harris, appeals from the order dismissing his initial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court, which also presided over the underlying proceedings in this matter, summarized the pertinent factual and procedural history of this case as follows:

> On August 25, 2014, [Appellant] entered a guilty plea to one count of the following offenses: Aggravated Assault with a Deadly Weapon (18 Pa.C.S.A. § 2702(a)(4)), Persons Not to Possess/Use Firearms (18 Pa.C.S.A. § 6105(a)(1), Terroristic Threats (18 Pa.C.S.A. §

---

[*] Former Justice specially assigned to the Superior Court.

2706(a)(1)), Simple Assault by Physical Menace (18 Pa.C.S.A. § 2701(a)(3)) and Recklessly Endangering Another Person (18 Pa.C.S.A. § 2705)). [Appellant] was sentenced to 5 to 10 years['] incarceration on Count 2 Person Not to Possess/Use Firearms. [Appellant] received concurrent sentences on all the remaining counts. The sentence imposed was concurrent to a sentence of 27 to 54 months that [Appellant] received on June 18, 2014 on a charge of aggravated assault in Case 1491-2013.

On June 16, 2015, [Appellant] filed the within petition for post-conviction collateral relief asserting that he had been denied constitutional protections resulting in the impossibility of a reliable adjudication of guilt, ineffectiveness of counsel, that he had been unlawfully induced to enter a guilty plea and the imposition of a sentence greater than the lawful maximum. . . .

This Court appointed counsel, other than trial counsel, to represent [Appellant] on his post-conviction proceeding and gave appointed counsel an opportunity to amend the pro se petition of [Appellant]. On July 9, 2015, the Commonwealth filed a response to [the] motion for post-conviction collateral relief requesting that the petition be dismissed because [Appellant] was not sentenced to a mandatory minimum sentence. On August 13, 2015, this Court issued a notice pursuant to Pa. R. Crim. P. 907 and proposed order that the petition was going to be dismissed.

On August 14, 2015, [the PCRA] court appointed counsel for [Appellant, who] filed an amended petition for post-conviction collateral relief where [Appellant] alleges facts to support his claim that he is entitled to relief because his guilty plea was both unlawfully induced and the guilty plea was the result of ineffective assistance of counsel leading to an unknowing guilty plea. . . . By Order of Court dated August 17, 2015, this Court scheduled an evidentiary hearing for September 10, 2015. . . .

\*\*\*

At the evidentiary hearing conducted before this Court the testimony presented by [Appellant] and the testimony presented by the Commonwealth, through guilty plea

- 2 -

counsel Andrea Thompson, was not reconcilable as to significant issues in the case. [Appellant] testified that he did not want to enter a plea and he wanted to go to trial. [Appellant] testified that he picked a jury and was set to go to trial but on the day of the trial he decided to plead guilty because he did not feel his trial counsel was prepared because she did not have any witnesses. [Appellant] testified that his brother, Kashif Harris, and his mother, Beverly Edwards, would have testified at trial that the gun that he was convicted of possessing on the day of the incident was possessed by someone else.

[Appellant] also presented the testimony of his brother, Kashif Harris. Kashif Harris testified that he would have been a witness for his brother but he was never contacted by the Public Defender's Office. Kashif Harris testified that he would have testified at trial that someone else was in possession of the firearm in question on the day of the incident. Kashif Harris testified that he took clothing to the Public Defender's Office but he never spoke to Attorney Andrea Thompson about his brother's case.

The Commonwealth presented the testimony of [Appellant's] plea counsel, Attorney Andrea Thompson. The testimony of Attorney Thompson painted a completely different picture of the day of the trial when [Appellant] decided to plead guilty. Attorney Thompson stated that the reason that [Appellant] wanted to go to trial was that he did not believe that the victim in the case, who was his Aunt, was going to show up for trial. On the day of the trial, the victim was present and Attorney Thompson discussed with [Appellant] whether he was interested in pleading guilty. Attorney Thompson testified that she was able to get the District Attorney's Office to agree to the original plea deal where [Appellant] would receive the minimum sentence of 5 to 10 years on the charge of persons not to possess a firearm and to have all the other charges run concurrent. The plea agreement negotiated with the District Attorney also called for this sentence to be concurrent to another aggravated assault case where [Appellant] pleaded guilty two months prior and was sentenced to 27 to 54 months.

Attorney Thompson also testified that she was prepared to go to trial on the day in question. She testified that the defense was hoping the victim would not show up but when the victim showed up she advised [Appellant] he may want to consider entering a guilty plea. Attorney Thompson testified that [Appellant] was in agreement to enter a guilty plea on the day of the trial and that she went over with [Appellant] the guilty plea colloquy and [Appellant] answered all of the questions and was in agreement that he wanted to enter the guilty plea.

Attorney Thompson also testified to refute [Appellant's] testimony that she did not speak to [Appellant's] witnesses prior to trial. Attorney Thompson testified that she did speak, several weeks prior to trial, with [Appellant's] brother and mother to see if they had any information that would be helpful to [Appellant].

Attorney Thompson testified that she spoke to Kashif Harris several times. Attorney Thompson testified that Kashif Harris informed her that he did not know who possessed the firearm on the day of the incident. She testified that Kashif Harris' testimony would not be favorable to [Appellant] but that she kept his phone number in case something came up in trial that she thought Kashif Harris' testimony would be beneficial. Attorney Thompson also testified that she spoke to [Appellant's] mother and that she was adamant that she did not want to be involved in the trial and did not want to testify in the case.

PCRA Court Opinion, 9/24/15, at 1-6.

The PCRA court denied Appellant's petition on September 24, 2015. In doing so, the court explained that "[s]imply stated the Court did not find the testimony of [Appellant] or his brother credible," whereas the "events testified to by Attorney Thompson" were "believable." *Id.* at 9, 7. The court did not find counsel's representation of Appellant ineffective in any manner.

On appeal, Appellant raises the following issue:

> Whether the [PCRA] Court committed reversible error when it concluded that the Appellant's guilty plea was knowingly, voluntarily and intelligently entered, when in fact, the Appellant was effectively coerced into pleading guilty due to the fact that his attorney was not prepared to effectively represent him at trial[?]

Appellant's Brief at 19.

This Court's standard of review regarding an order dismissing a petition under the PCRA is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (internal citations omitted).

To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Payne*, 794 A.2d 902, 905 (Pa. Super. 2002). This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 905-06. In this context, a finding of "prejudice" requires the petitioner to show "there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different."

*Commonwealth v. Stevens*, 739 A.2d 507, 512 (Pa. 1999). The law presumes that counsel was effective, and it is the petitioner's burden to prove the contrary. *Payne*, 794 A.2d at 906.

> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Wah*, 42 A.3d 335, 338-339 (Pa. Super. 2012) (citations, quotation, and quotation marks omitted).

"[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." *Commonwealth v. Anderson*, 995 A.2d 1184, 1192 (Pa. Super. 2010). Moreover, with regard to the prejudice prong, where an appellant has entered a guilty plea, the appellant must demonstrate "it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial." *Commonwealth v. Timchak*, 69 A.3d 765, 769–70 (Pa. Super. 2013).

Here, Appellant claims he entered his plea of guilty because he did not believe his counsel was adequately prepared for trial. When asserting a claim of ineffectiveness of counsel in the context of a guilty plea, a

defendant must show that plea counsel's ineffectiveness induced him to enter the plea. ***Commonwealth v. Johnson***, 875 A.2d 328, 331 (Pa. Super. 2005). On the question of ineffectiveness, this Court "must defer to the credibility determinations made by the [PCRA] court that observed a witness's demeanor first hand." ***Commonwealth v. Todd***, 820 A.2d, 707 712 (Pa. Super. 2003). If the PCRA court credits the testimony of counsel over that of the defendant at an evidentiary hearing, this determination cannot be disturbed on appeal. ***See Commonwealth v. Battle***, 883 A.2d 641, 648 (Pa. Super. 2005) (credibility determinations are solely within the province of the PCRA court).

Appellant contends that his trial counsel was ineffective because she did not provide him with discovery while he was incarcerated so that he could assist in the preparation of his defense; did not contact his brother, Kashif Harris, or his mother, Beverly Edwards, to testify on his behalf; and was generally unprepared for his trial. All of the foregoing, he maintains, led him to feel he "had no choice but to plead guilty." Appellant's Brief at 23-24. He therefore seeks to withdraw his plea and proceed to trial.

Upon review, we find Appellant's claims to be meritless. The PCRA court's in-person credibility determinations are dispositive, particularly in light of the fact that the PCRA judge presided over Appellant's guilty plea, as well as the evidentiary PCRA hearing. ***See*** N.T., 8/25/14; 9/10/15. The PCRA court twice observed both Appellant and counsel, and ultimately found

the testimony of trial counsel to be credible. ***Cf. Todd***; ***Battle***. As noted, the court credited Appellant's trial counsel and did not credit Appellant and Appellant's witnesses:

> Simply stated, we afford no credibility to the testimony of the defendant and find the events testified to by Attorney Thompson to be believable. We do not believe that at any time Attorney Thompson induced the defendant to plead guilty. To the contrary, the written guilty plea colloquy and the oral colloquy before this Court suggests otherwise. The defendant acknowledged his guilt in the written colloquy and before this Court; and now wants to refute the assertion of guilt. A defendant is bound by his statements given during a plea colloquy and record evidence rebutting claims concerning a plea agreement's voluntariness will cause the petition to be dismissed. ***Commonwealth v. Cappelli***, 340 Pa. Super. 9, 489 A.2d 813 (1985). In light of the defendant's admissions to this Court directly, as well as the admissions and acknowledgements within the written guilty plea, one thing is clear: the defendant lied at some point in time. Thus, he either lied to the Court at the time of the guilty plea or is lying now.

PCRA Court Opinion, 12/9/15, at 7-8.

In sum, we discern no legal error relative to the PCRA court's determinations as to Appellant's guilty plea and assertion of trial counsel's ineffectiveness, and we are bound by the PCRA court's findings. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2016