J-S60011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN KING, | |
| Appellant | No. 2692 EDA 2014 |

Appeal from the PCRA Order August 22, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0111401-2006, CP-51-CR-0111411-2006

BEFORE:  SHOGAN, OTT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 21, 2016**

Appellant, Brian King, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  In addition, counsel for Appellant has filed a motion to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  We grant counsel's motion to withdraw and affirm the order of the PCRA court.

The PCRA court summarized the underlying facts of this case as follows:

_____

[*]  Retired Senior Judge assigned to the Superior Court.

On October 31, 2005, Appellant was driving his car and met up with his then eighteen (18) year old coconspirator, Tyreek Wilford. After Wilford got into Appellant's car, Appellant told him that they were going to Norristown to rob somebody. When the intended victim was not where he was supposed to be, they drove back to Philadelphia. When they got to the area of Comly and Malta Streets, they saw three young men and two young women on the street. Appellant told Wilford that he wanted to rob them. He drove around the corner. Appellant pulled out a loaded Tech .9 and put it on his lap. They got out of the car and Appellant left the car running. Appellant gave Wilford the gun and Wilford hid the gun in his waist. Appellant approached the group and had a brief conversation with them. The people began to walk away. Appellant announced, "Hold up!" Wilford pulled the gun; Appellant told everyone to lie on the grass. Appellant then went through each person's pockets. Wilford saw Appellant take cell phones and clothing from the victims.[1] They ran back to the car. As they were about to get into the car, Appellant demanded the gun back. As Wilford was getting into the car, Appellant ran to another car on the block and attempted to take money from the driver of that car, Steven Badie. During the course of that robbery, Appellant fired a series of shots into the car, striking Badie a number of times, killing him. Appellant ran back to the car and they drove away. As the initial robbery victims had called the police, their car was stopped a few minutes later. They both were arrested after being identified by the surviving robbery victims. The gun was recovered from the back seat of the car, as well as cell phones and clothing. The phones and clothing were identified by the victims as those taken during the robbery.

[1] One of the victims testified that money also was taken from him. N.T. 1/10/07, 13.

When arrested, both Appellant and Wilford gave statements admitting to the initial robberies. Each, however, claimed that the other robbed and shot Badie and denied knowing that the other intended to do so. At time of Appellant's trial, Wilford had already entered into a plea agreement with the Commonwealth in which he pleaded guilty to third degree murder, and all of the remaining charges. He then testified against Appellant. No agreement was made with Wilford concerning the length of his prison sentence. At the time of Appellant's trial, Wilford had yet to be sentenced.

At trial, Appellant's theory was to concede his participation in the robbery of the five individuals. He then claimed that Wilford robbed and shot Badie without Appellant's knowledge or consent. He asked the jury to parse this extended incident; find two separate and distinct criminal episodes and find Appellant not guilty of any degree of homicide or any responsibility for the robbery and death of Steven Badie[2]. In reaching the verdict that it did, the jury rejected Appellant's theory of the case.

[2] Counsel consistently argued this theory in his opening, in his cross[-]examination of Wilford and in his closing.

PCRA Court Opinion, 2/29/16, at 1-3.

On July 12, 2007, a jury convicted Appellant of one count of second degree murder, six counts of robbery, and one count each of conspiracy and possession of an instrument of crime ("PIC"). On May 18, 2007, the trial court sentenced Appellant to serve a mandatory term of life imprisonment for the second-degree murder conviction. The trial court also sentenced Appellant to serve terms of incarceration of five to ten years for each of the robbery convictions, five to ten years for the conspiracy conviction, and one to two years for the PIC conviction. All of the sentences were made to run concurrently. Appellant filed post-sentence motions, which the trial court denied. On direct appeal, this Court affirmed Appellant's judgment of sentence on August 14, 2009, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on July 7, 2010. *Commonwealth v. King*, 2332 EDA 2007, 984 A.2d 1016 (Pa. Super.

- 3 -

2009) (unpublished memorandum), *appeal denied*, 997 A.2d 1175 (Pa. 2010.)

Appellant filed, *pro se*, the instant PCRA petition on July 30, 2010. The PCRA court appointed counsel, who eventually filed an amended PCRA petition on September 20, 2013. On January 16, 2014, the Commonwealth filed a motion to dismiss. The PCRA court dismissed Appellant's PCRA petition on August 22, 2014. This timely appeal followed. New counsel was appointed for purposes of this appeal. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

On April 11, 2016, PCRA counsel filed a motion to withdraw; he also filed with this Court a **Turner**/**Finley** letter. When counsel seeks to withdraw representation in a collateral appeal, the following conditions must be met:

1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter[;]

2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims[;]

3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless[;]

4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel;

- 4 -

5) The court must conduct its own independent review of the record in light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6) The court must agree with counsel that the petition is meritless.

*Commonwealth v. Daniels*, 947 A.2d 795, 798 (Pa. Super. 2008) (internal punctuation marks omitted).

In the present case, counsel complied with the requirements for withdrawal from a collateral appeal. In the motion filed with this Court, counsel alleged that he extensively reviewed the case, evaluated the issues, and concluded there were no issues of merit. Counsel also listed the issues relevant to this appeal, and explained why, in his opinion, the appeal is without merit. In addition, counsel averred that he sent Appellant a copy of the motion to withdraw and the no-merit letter, which advised Appellant of his right to proceed *pro se* or through privately retained counsel. Thus, we will allow counsel to withdraw if, after our review, we conclude that the issues relevant to this appeal lack merit.

We have discerned the following issues, which were presented by PCRA counsel on behalf of Appellant in the Pa.R.A.P. 1925(b) statement and in the ***Turner/Finley*** letter:

1. The Court erred in denying the motion to suppress as there was no probable cause for the initial search.

2. The Court erred in denying the motion to suppress the show up identification as the procedure was unduly suggestive.

3. The Court erred in denying the defendant opportunity to ask Commonwealth witness, Tyr[ee]ck Wilford, about the possibility of him facing life in prison if he did not cooperate with the Commonwealth.

4. Counsel failed to object to the Commonwealth reading two previous statements of Commonwealth witness, Tyr[ee]ck Wilford, to the jury.

5. Counsel conceded to the jury that the defendant was guilty of robbery when the defendant was charged with Murder in the Second Degree.

6. The Commonwealth in closing argument made reference to the penalty the defendant would face if found guilty.

7. The Commonwealth misstated the law in closing argument.

8. Counsel failed to object to statements made by the Commonwealth in closing argument.

9. The Court gave improper jury instruction that was inconsistent with the jury verdict sheet and the law applied to Murder in the Second Degree.

10. The failure to object to inadmissible prejudicial evidence and prejudicial statements made during closing argument by the Commonwealth, as well as conceding that the defendant committed robbery constitutes [sic] ineffective assistance of counsel.

11. The defendant's motion to suppress was meritorious and should have been granted.

*Turner/Finley* Letter at 3 - 11.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super.

2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014).

In his first and second issues Appellant argues that the trial court committed error with regard to his requests to suppress evidence. Specifically, Appellant contends that the trial court erred in (1) denying his suppression motion due to lack of probable cause to search, and (2) denying his motion to suppress the show-up identification. **Turner/Finley** Letter at 3-5.

We observe the following:

> "to be entitled to PCRA relief, a petitioner must plead and prove, *inter alia*, that the allegation of error has not been previously litigated or waived." **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005), *appeal denied*, 917 A.2d 844 (Pa. 2007). "An issue is waived if it could have been raised prior to the filing of the PCRA petition, but was not." **Id**. These statements in **Berry** are derived directly from Section 954[4](b) of the PCRA, which provides that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 954[4](b).

**Commonwealth v. Turetsky**, 925 A.2d 876, 879 (Pa. Super. 2007). Thus, where issues presented in a PCRA petition could have been raised on direct

appeal and were not, they are waived. ***Id***. ***See also Commonwealth v. Lambert***, 797 A.2d 232, 240 (Pa. 2001) (PCRA petitioner's issues that could have been raised on direct appeal but were not, are waived under 42 Pa.C.S. § 9544(b)).

Our review of the record reflects that these issues asserting trial court error concerning his requests to suppress evidence could have been raised on direct appeal but were not. Moreover, they are not claims which Appellant assigns as error to counsel for failure to preserve them. Accordingly, we conclude that these issues are waived. ***Turetsky***.

In his third issue, Appellant argues that the trial court erred in limiting his cross-examination. Appellant asserts that the trial court should have permitted him to question Mr. Wilford regarding Mr. Wilford's cooperation with the Commonwealth and the possibility of Mr. Wilford facing a sentence of life in prison. ***Turner/Finley*** Letter at 6.

To be entitled to PCRA relief, a petitioner must plead and prove that the allegation of error has not been previously litigated. ***Berry***, 877 A.2d at 482. A claim is previously litigated under the PCRA if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue. 42 Pa.C.S. § 9544(a)(2).

Our review reflects that on direct appeal Appellant challenged whether the trial court abused its discretion by prohibiting defense counsel from cross-examining Mr. Wilford regarding whether he faced a sentence of life

imprisonment prior to entering a plea agreement with the Commonwealth, which provided Wilford with an incentive to testify falsely. *King*, 2332 EDA 2007, 984 A.2d 1016 (unpublished memorandum at 4-6). In Appellant's direct appeal, we ultimately held the following:

> We conclude that there was no error or abuse of discretion by the trial court in limiting cross-examination as described above. Defense counsel was given wide latitude in his cross-examination of [Mr.] Wilford and the opportunity to fully explore [Mr.] Wilford's motivations for testifying against [Appellant]. Not only did counsel explore, at length, the details of [Mr.] Wilford's guilty plea, he suggested to the jury, by repeatedly asking questions pertaining to this fact, that [Mr.] Wilford had escaped a sentence of life imprisonment without parole by entering into such a plea. For these reasons, we find [Appellant's] first claim on appeal to be without merit.

*Id*. at 6 (footnote omitted). Therefore, because the issue was previously litigated on direct appeal, it is not cognizable for our review. *Berry*, 877 A.2d at 482.

Appellant next argues that his trial counsel provided ineffective assistance. Appellant claims that his trial counsel was ineffective when he failed to object to the Commonwealth entering into evidence two prior consistent statements from Mr. Wilford.[1] *Turner/Finley* Letter at 7-8.

_____

[1] We note that our review reflects that the Commonwealth presented two prior statements by Mr. Wilford. The first was a statement originally given on October 31, 2005, and admitted into evidence as Commonwealth Exhibit C-12. N.T., 1/9/07, at 165. Defense counsel did not object to the admission of that statement. The second was a statement originally given on November 20, 2006, and admitted into evidence as Commonwealth Exhibit C-14. N.T., 1/9/07, at 178-180. Trial counsel did object to the admission of

*(Footnote Continued Next Page)*

Counsel is presumed effective, and it is the defendant's burden to prove ineffectiveness. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010). To overcome this presumption, Appellant must demonstrate that: (1) the underlying claim has arguable merit; (2) counsel did not have a reasonable basis for his actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance. ***Id***. An appellant's claim fails if he cannot meet any one of these prongs. ***Id***. Moreover, we are bound by the PCRA court's credibility determinations where there is support for them in the record. ***Commonwealth v. Battle***, 883 A.2d 641, 648 (Pa. Super. 2005) (citing ***Commonwealth v. Abu-Jamal***, 720 A.2d 79 (Pa. 1998)).

Furthermore, claims of ineffective assistance of counsel are not self-proving. ***Commonwealth v. Wharton***, 811 A.2d 978, 986 (Pa. 2002). "[A] post-conviction petitioner must, at a minimum, present argumentation relative to each layer of ineffective assistance, on all three prongs of the ineffectiveness standard…." ***Commonwealth v. D'Amato***, 856 A.2d 806, 812 (Pa. 2004). "[A]n underdeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of

*(Footnote Continued)* ────────────

the second statement, and the trial court sustained the objection. ***Id***. at 180. In addition, the Commonwealth admitted into evidence a memorandum agreement among Mr. Wilford, the District Attorney, and Mr. Wilford's trial judge regarding his guilty plea and agreement to be truthful in providing testimony, which was marked as Commonwealth Exhibit C-15. ***Id***. at 183-188. Trial counsel did not object to the admission of this evidence.

ineffectiveness claims, simply does not satisfy Appellant's burden of establishing that he is entitled to relief." ***Commonwealth v. Bracey***, 795 A.2d 935, 940 n.4 (Pa. 2001).

Pennsylvania Rule of Evidence 613 provides, in relevant part, as follows:

> **(c) Witness's Prior Consistent Statement to Rehabilitate.** Evidence of a witness's prior consistent statement is admissible to rehabilitate the witness's credibility if the opposing party is given an opportunity to cross-examine the witness about the statement and the statement is offered to rebut an express or implied charge of:
>
> > (1) fabrication, bias, improper influence or motive, or faulty memory and the statement was made before that which has been charged existed or arose[.]

Pa.R.E. 613(c)(1). "To the extent that prior consistent statements are offered to prove the truth of the matter asserted therein, they are plainly inadmissible hearsay. However, when they are offered to corroborate in-court testimony, prior consistent statements are not hearsay." ***Commonwealth v. Willis***, 552 A.2d 682, 691 (Pa. Super. 1988) (citations omitted).

> Usually, evidence of a prior consistent statement may not be introduced until after the witness's testimony has been attacked on cross-examination in one of the two ways specified in Rule 613(c). Pa.R.E. 613(c) cmt. Occasionally, however, it is clear before cross-examination that the defense will focus on impeachment of the witness, either by showing fabrication, bias, etc., or by introducing a prior inconsistent statement. In such cases, the trial court is afforded discretion to admit the prior consistent statement in anticipation of impeachment.

*Commonwealth v. Cook*, 952 A.2d 594, 625 (Pa. 2008) (citing

*Commonwealth v. Wilson*, 861 A.2d 919 (Pa. 2004)).

The PCRA court addressed this issue as follows:

> Counsel correctly noted that the Commonwealth did, in fact introduce two prior consistent statements made by the cooperating codefendant, Tyreek Wilford. However a significant part of the defense strategy was to relentlessly attack the credibility of this witness. His cross examination was aggressive and lengthy. The witness was impeached with prior statements given to the police. Indeed, this was counsel's theme throughout the trial. In his opening statement to the jury counsel said, "One, if you can't trust the messenger, you can't trust the message. And you can't trust Tyreek Wilford." N.T. 11/9/07, 34. In his closing argument counsel repeated his theme and stated, "My defense is very simple: If you can't trust the messenger, you can't trust the message." N.T. 1/11/07, 136. As such, the introduction of these two prior consistent statements was proper. *See Commonwealth v. Cook*, 952, A.2d. 594, 625 (Pa. 2008).

PCRA Court Opinion, 2/29/16, at 7.

We agree with the PCRA court that Appellant has not established that the underlying issue has merit, and therefore counsel could not have been ineffective by failing to pursue this issue on appeal. Our review of the certified record reflects that the tactic of trial counsel during opening arguments, cross-examination, and closing arguments was to attack the credibility of Mr. Wilford. N.T., 11/9/07, at 34-35, 191-252, 259-267; N.T., 1/11/07, at 136. Accordingly, under such circumstances our appellate courts have held that a trial court, in its discretion, may permit the witness to be questioned on direct examination concerning prior consistent statements. *Cook*, 952 A.2d at 625. Thus, trial counsel cannot be found

ineffective for failing to pursue an underlying claim that lacks arguable merit.

In his fifth issue, Appellant again argues that his trial counsel provided ineffective assistance. Specifically, Appellant alleges that trial counsel was ineffective in conceding Appellant's guilt as to five charges of robbery concerning the initial complainants. **Turner/Finley** Letter at 8-9.

As previously stated, counsel is presumed effective, and it is the defendant's burden to prove ineffectiveness. **Martin**, 5 A.3d at 183. To overcome this presumption, Appellant must demonstrate that: (1) the underlying claim has arguable merit; (2) counsel did not have a reasonable basis for his actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance. **Id**.

The Pennsylvania Supreme Court has stated, ". . . there are multiple scenarios in which a defense attorney may reasonably determine that the most promising means of advancing his client's interests is to admit what has become plain to all concerned-that his client did in fact engage in at least some of the underlying conduct complained of-but either to argue for conviction of a less severe offense, or to plead for mercy in sentencing based upon the facts viewed in a light favorable to the defendant." **Commonwealth v. Cousin**, 888 A.2d 710, 719 (Pa. 2005). In **Cousin**, trial counsel conceded that his client, facing charges of homicide, was guilty of voluntary manslaughter because counsel realized that the expectation of

an acquittal was unreasonable after the presentation of the Commonwealth's case. The appellant sought PCRA relief, arguing that counsel's decision to concede guilt was prejudice *per se* as defined by the United States Supreme Court in **United States v. Cronic**, 466 U.S. 648 (1984). The Pennsylvania Supreme Court declined to hold that a counsel's concession of guilt to some charges in closing argument constituted *per se* ineffective assistance of counsel and found that counsel had a reasonable strategic basis for his actions, stating:

> Presently, as well, [counsel]'s strategic decision to concede guilt only to manslaughter during closing arguments is qualitatively different from a complete failure to subject the state's case to adversarial testing as contemplated by **Cronic** and its progeny. The Commonwealth sought a murder conviction, and counsel argued vigorously (and successfully) that such a result would be inappropriate. There is no indication, moreover, that counsel failed to engage in appropriate cross-examination, adduce evidence favorable to the defendant, or make appropriate objections during the trial. It was only when the presentation of evidence was complete and counsel realized that expecting an acquittal on the homicide charge was unrealistic, that he decided to advocate in favor of the lowest level of homicide possible under the circumstances.

**Cousin**, 888 A.2d at 720.

In addressing this claim of trial counsel ineffective assistance, the PCRA court offered the following apt discussion:

> First, we note that evidence of Appellant's participation in a robbery was overwhelming. Proceeds were found in his car and Appellant gave an inculpatory statement. We discussed above counsel's reasoning for conceding this issue. Although rejected by the jury, the strategy was reasonable. **See Commonwealth v. Cousin**, 888 A.2d. 710 (Pa. 2005).

PCRA Court Opinion, 2/29/16, at 7.

Likewise, our review of the record reflects that the evidence of Appellant's participation in the robbery of the five individuals was overwhelming. Testimony revealed that, when he was questioned, Appellant was wearing a piece of jewelry belonging to one of the robbery victims. N.T., 1/10/07, at 84-88. In addition, the police obtained a search warrant for Appellant's vehicle and recovered items in the vehicle from the robbery. *Id*. at 100-106. In his closing argument, trial counsel conceded Appellant's involvement in the robbery of the five individuals, but argued that Appellant did not participate in the robbery and murder of the victim. N.T., 1/11/07, at 138-139. Given the overwhelming evidence against Appellant, it was reasonable for trial counsel to concede that Appellant was guilty of the five incidents of robbery but not guilty of the robbery or murder of the victim. Hence, Appellant has failed to establish that trial counsel was ineffective in this regard.

In his sixth and seventh issues, Appellant argues that the Commonwealth committed prosecutorial misconduct. Specifically, in his sixth issue Appellant contends that during the Commonwealth's closing argument, it improperly referenced the penalty Appellant would face in the event he was found guilty. *Turner/Finley* Letter at 9. In his seventh issue, Appellant claims that the Commonwealth made misstatements concerning the law. *Turner/Finley* Letter at 10.

Again, we observe that where issues presented in a PCRA petition could have been raised on direct appeal and were not, they are waived. *Turetsky*, 925 A.2d at 879. Our review of the record reflects that the issues of prosecutorial misconduct could have been raised on direct appeal but were not. Accordingly, we conclude that these issues are waived. *Turetsky*.

In his eighth issue, Appellant raises another claim of ineffective assistance of trial counsel. Here, Appellant alleges that counsel was ineffective for failing to lodge appropriate objections to statements made by the Commonwealth during its closing argument. *Turner/Finley* Letter at 10. However, Appellant has not specified the particular statements made by the Commonwealth that required objections. Accordingly, we will presume that Appellant contends that trial counsel should have objected to (a) the Commonwealth's alleged reference to the penalty that he would face if found guilty and (b) the Commonwealth's statements concerning the law.

As we previously discussed, in order to prove ineffectiveness, Appellant must demonstrate that: (1) the underlying claim has arguable merit; (2) counsel did not have a reasonable basis for his actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance. *Martin*, 5 A.3d at 183.

In addition, we are mindful that "[a] failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness."

***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009) (citing ***Commonwealth v. Sneed***, 899 A.2d 1067 (Pa. 2006)). Thus, when it is clear that a petitioner has failed to meet the prejudice prong of an ineffective assistance of counsel claim, the claim may be disposed of on that basis alone, without a determination of whether the first two prongs have been met. ***Commonwealth v. Baker***, 880 A.2d 654, 656 (Pa. Super. 2005).

We first address the issue that trial counsel was ineffective for failing to object to the Commonwealth's alleged reference to the penalty that Appellant would face if found guilty. This claim is belied by the record. Our thorough review reflects that during its closing argument, the Commonwealth never mentioned or made any reference to the penalty that Appellant would face if found guilty. N.T., 1/11/07, at 171-190. Accordingly, any claim that trial counsel was ineffective for not objecting to a prosecutor's comments, which were never spoken, lacks arguable merit. Thus, Appellant's contention that trial counsel was ineffective in this regard fails.

We next address the issue that trial counsel was ineffective for failing to object to the Commonwealth's statements concerning the law. This claim is again unsupported by the record.

Our review of the certified record reflects that trial counsel did object to the Commonwealth's statements concerning the applicable law. Specifically, trial counsel stated the following is his objection:

> Your Honor, I object to the portion of the Commonwealth's argument in which they argued to the jury that as a matter of law they could convict [Appellant] of the conspiracy to rob and shoot Steven Badie on the facts of the Norristown and Comly incidents.
>
> In this case there was a specific charge in the information, conspiracy to commit the robbery on Comly. The Commonwealth did not move on that. And the arguments, essentially, do not match the charges that are presented in this case.
>
> They are confusing to the jury and will mislead the jury, and I ask Your Honor to give a limiting instruction with respect to the conspiracy to rob and shoot Steven Badie, that they may only consider the facts relating to that incident.

N.T., 1/11/07, at 191-192. Thus, the claim that trial counsel was ineffective for not objecting to the Commonwealth's statements concerning the law is belied by the record and lacks arguable merit.

Furthermore, as the trial court correctly stated in response to trial counsel's objections, "I have also already told the jury, again and again, that they are to take **my definition** of the law, so your objection is noted, and it will be covered in my charge." *Id*. at 192 (emphasis added). Thereafter, during the charge to the jury, the trial court specifically instructed, "As I have stated, apply only the law in which I instruct you." *Id*. at 194.

As our Supreme Court has long expressed, "[t]he law presumes that the jury will follow the instructions of the court." ***Commonwealth v.***

- 18 -

***Brown***, 786 A.2d 961, 971 (Pa. 2001); ***Commonwealth v. O'Hannon***, 732 A.2d 1193, 1196 (Pa. 1999) (stating that "[a]bsent evidence to the contrary, the jury is presumed to have followed the trial court's instructions."). Again, when it is clear that a petitioner has failed to meet the prejudice prong of an ineffective assistance of counsel claim, the claim may be disposed of on that basis alone, without a determination of whether the first two prongs have been met. ***Baker***, 880 A.2d at 656.

As expressed, the trial court gave sufficient and thorough instructions to the jury regarding its duty to apply the law as presented by the trial court, and we presume the jury followed the instructions. There is no evidence that the jury ignored the charge, and "absent evidence to the contrary, the jury is presumed to have followed the court's instructions." ***O'Hannon***, 732 A.2d at 1196. Accordingly, we conclude Appellant has failed to demonstrate that he suffered any prejudice. Therefore, Appellant's contention that trial counsel was ineffective in this circumstance fails.

In his ninth issue, Appellant argues that the trial court improperly charged the jury. Appellant contends that the jury instruction was inconsistent with the verdict sheet and the law applied to second-degree murder. ***Turner/Finley*** Letter at 10.

Once more, we note that where issues presented in a PCRA petition could have been raised on direct appeal, and were not, they are waived. ***Turetsky***, 925 A.2d at 879. Our review of the record reflects that this

issue, alleging that the trial court improperly instructed the jury, could have been raised on direct appeal but was not. Hence, we conclude that this issue is waived. *Turetsky*.

In his tenth issue, Appellant again presents claims challenging the effective assistance of trial counsel. *Turner/Finley* Letter at 10. Particularly, Appellant restates his previous claims of ineffective assistance with regard to trial counsel's failure to object during the Commonwealth's closing arguments and trial counsel's concession that Appellant committed five instances of robbery. Because we have addressed these claims previously in this memorandum and concluded that they lack merit, we decline to revisit them.

In his eleventh issue, Appellant repeats his argument that his motion to suppress should have been granted. *Turner/Finley* Letter at 11. We addressed this claim in Appellant's first issue and continue to reject his attempt to have us conclude that his motion was meritorious and that the trial court erred in failing to suppress.

Upon our independent review, it is our determination that Appellant failed to present any issue warranting relief and that the PCRA court's determination is supported by the record and free of legal error. Also, having determined that there are no other issues that support a grant of relief, we allow counsel to withdraw under the precepts of *Turner/Finley*.

Motion to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/21/2016</u>