**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Jerome BATTLE, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 3, 2005.

Filed Sept. 8, 2005.

 

 

 
 
 
 

 

 

Ronald H. Elgart, Fairless Hills, for appellant.

Robert A. Mancini, Deputy District Attorney, Doylestown, for Com., appellee.

Before: DEL SOLE, P.J., BOWES and BECK, JJ.

BECK, J.

¶ 1 Appellant Battle appeals the denial, following an evidentiary hearing, of his Post Conviction Relief Act[1] (PCRA) petition. Through PCRA counsel, he raises two allegations of ineffective assistance of trial and appellate counsel. He has also petitioned for remand for appointment of new PCRA counsel, alleging ineffective assistance. We deny his petition for remand and affirm the court's denial of his PCRA petition.

¶ 2 On October 4, 2001, appellant was convicted by jury of two counts of possession of cocaine and two counts of possession with intent to deliver cocaine.[2] The charges stemmed from a police investigation into drug sales at a home where appellant was residing, at least part time. His arrest was prompted by two specific events: (i) his sale of cocaine to a confidential informant, on November 29, 2000, at the residence, and (ii) on December 15, 2000, the execution of a search warrant for the residence, which revealed cocaine in several areas of the house, including a bedroom where his belongings and personal documents were found. He was sentenced to a prison term of five to ten years for the December 15, 2000 offense and to a concurrent term of twenty-seven (27) to fifty-four (54) months for the November 29, 2000 offense.

¶ 3 His direct appeal to this Court resulted in an affirmation of the judgment of sentence. Appellant then filed *pro se* a petition pursuant to the PCRA, which was denied without a hearing. On appeal, this Court reversed and remanded for appointment of counsel and a hearing. Attorney

---

1. 42 Pa.C.S.A. §§ 9541–46.

2. 35 Pa.C.S.A. § 780–113(a)(16) & (a)(30). Appellant was tried with co-defendant John Cox, who was also found guilty.

Elgart was appointed as appellant's PCRA counsel, and an evidentiary hearing was held on January 30, 2004. The PCRA court then denied appellant's petition.

¶ 4 Appellant filed a timely notice of the appeal currently before us on February 9, 2004 through counsel Elgart. His statement of matters complained of on appeal raised two allegations of ineffective assistance of counsel: (1) ineffective assistance of trial and appellate counsel for failing to raise the issue of violation of the knock and announce rule and (2) ineffective assistance of appellate counsel for failing to raise the issue of jury instructions regarding marijuana found in appellant's residence. On August 30, 2004, while PCRA appeal was pending, appellant filed *pro se* a Petition for Remand, alleging ineffectiveness of PCRA counsel Elgart and seeking remand to the trial court for appointment of new PCRA counsel. Pursuant to *Commonwealth v. Lawrence*, 408 Pa.Super. 9, 596 A.2d 165, 168 (1991), this Court then ordered counsel to petition the court for remand. Counsel filed an Amended Petition for Remand on July 7, 2005.[3]

—Petition for Remand—

¶ 5 We address first the procedures and issues surrounding appellant's *pro se* allegations of PCRA counsel ineffectiveness and counsel's resulting Petition for Remand. Our procedures for handling documents filed *pro se* by represented appellants are well established. When an appellant who is represented by counsel files a *pro se* petition, brief or motion, this Court forwards the document to his counsel. 210 Pa.Code § 65.24; *Commonwealth v. Ellis*, 534 Pa. 176, 180, 626 A.2d 1137, 1139 (1993), *aff'g* 398 Pa.Super. 538, 581 A.2d 595 (1990) (*en banc*). If the docu-

ment alleges ineffectiveness of counsel, counsel is required to file with the court a petition for remand, in which he identifies and evaluates appellant's *pro se* claims. *Ellis*, 534 Pa. at 180, 626 A.2d at 1139; *Commonwealth v. Blystone*, 421 Pa.Super. 167, 617 A.2d 778, 782 (1992); *Lawrence*, 596 A.2d at 168. This Court then reviews counsel's petition and the record to determine if a remand for appointment of new counsel is required. *Blystone*, 617 A.2d at 782; *Lawrence*, 596 A.2d at 168. In conducting this review, we adhere to the standard enunciated in *Commonwealth v. McBee*, 513 Pa. 255, 261, 520 A.2d 10, 13. *See Lawrence*, 596 A.2d at 168. Following *McBee*, we will remand for appointment of new counsel "except where, [*sic*] it is clear from the record that counsel was ineffective or (2) where it is clear from the record that the ineffectiveness claim is meritless." *Lawrence*, 596 A.2d at 168 (quoting *McBee*, 513 Pa. at 261, 520 A.2d at 13).

¶ 6 In the present case, appellant seeks a remand, claiming that his PCRA counsel was ineffective in failing to raise an issue of trial counsel ineffectiveness: specifically, that trial counsel should have requested a jury instruction on constructive possession. Constructive possession is a legal fiction, which is invoked when actual possession at the time of arrest cannot be shown, but there is a strong inference of possession from the facts surrounding the case. *Commonwealth v. Carroll*, 510 Pa. 299, 302, 507 A.2d 819, 820 (1986) (citing Whitebread and Stevens, *To Have and To Have Not*, 58 U.Va.L.Rev. 751, 755 (1972)); *Commonwealth v. Thompson*, 779 A.2d 1195, 1199 (Pa.Super.2001), *appeal denied*, 567 Pa. 760, 790

---

**3.** Counsel first filed his Petition for Remand on September 29, 2004. Because counsel did not identify or evaluate appellant's *pro se* claims in this Petition, we remanded to counsel for preparation of a proper petition that would permit our review. *See Commonwealth v. Battle*, 879 A.2d 266 (Pa.Super.2005).

A.2d 1016 (2001) (citations omitted); *Commonwealth v. Hoetzel*, 284 Pa.Super. 623, 426 A.2d 669, 673 (1981). Constructive possession has been defined as "conscious dominion," which requires two elements: the power to control the contraband and the intent to exert such control. *Carroll*, 510 Pa. at 302, 507 A.2d at 820–21; *Commonwealth v. Heidler*, 741 A.2d 213, 215–16 (Pa.Super.1999) (*en banc*), *appeal denied*, 563 Pa. 627, 758 A.2d 660 (2000). In appellant's case, cocaine was found during a search of the residence that he shared with his co-defendant, leading to charges of possession and possession with intent to deliver. Since the cocaine was not found on appellant's person, but rather in his bedroom, actual possession of the drug could not be shown, and the Commonwealth was required to prove constructive possession. To determine if appellant's claim of ineffective assistance of counsel based on failure to request a jury charge on constructive possession has merit, we have reviewed the entire certified record.

¶ 7 We review a jury charge in its entirety to determine if it "clearly, adequately and accurately reflects the law." *Commonwealth v. Johnson*, 572 Pa. 283, 313, 815 A.2d 563, 580 (2002). The trial judge has broad discretion to choose the wording by which he explains legal concepts to the jury. *Id.* We therefore do not "rigidly inspect a jury charge, finding reversible error for every technical inaccuracy . . . rather [we] evaluat[e] whether the charge sufficiently and accurately apprises a lay jury of the law it must consider in rendering its decision." *Commonwealth v. Jones*, 858 A.2d 1198, 1200 (Pa.Super.2004) (quoting *Commonwealth v. Thompson*, 543 Pa. 634, 639, 674 A.2d 217, 218–19 (1996)).

¶ 8 When the alleged error in a jury instruction underlies an ineffective assistance of counsel claim, we must apply the standard for ineffective assistance.

*Thompson*, 543 Pa. at 638–39, 642, 674 A.2d at 219, 221; *Commonwealth v. Stanley*, 830 A.2d 1021, 1026 (Pa.Super.2003). An ineffective assistance of counsel claim has three elements. Specifically, appellant must show the following:

(1) that the [underlying] claim is of arguable merit;

(2) that counsel had no reasonable strategic basis for his or her action or inaction;

(3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Johnson*, 572 Pa. at 300, 815 A.2d at 573 (brackets in original); *see also Stanley*, 830 A.2d at 1023–24.

¶ 9 Precedent from this Court has found ineffective assistance in the context of a conviction for possession with intent to deliver when counsel failed to request a constructive possession charge and then failed to object to the inadequate charge that was given. *Hoetzel*, 426 A.2d at 673. In *Hoetzel*, the defendant was found guilty of possession with intent to deliver marijuana based on the finding of marijuana in the common areas of the residence where he lived with five tenants. *Id.* at 670. Under these circumstances, a panel of this Court found reversible error because the jury had not been instructed that, to find the defendant guilty, it had to find that he had the intent to control the marijuana, as well as the ability to do so. *Id.* at 673.

¶ 10 In the case at bar, we agree with appellant that the court did not give an instruction on constructive possession. The relevant portions of the charge that was given are printed below:

There's two counts . . . as to Mr. Battle. And he is the gentleman there in the striped shirt. He is charged with making a sale to the [confidential infor-

mant] on the 29th of November of last year, if you accept her testimony. Therefore, he is charged with possession of cocaine with the intent to sell it, deliver it, or traffic it.

By the same token if you accept her testimony and he is charged with possession of cocaine, which is a crime, if you are satisfied as to her testimony.

. . . .

You also had testimony concerning what was in—what has been referred to as Battle's bedroom, such items including mail, m-a-i-l. So it is for you to determine as to the 15th of December when the search and seizure warrant was executed and these various items were taken from what has been referred to as his bedroom, whether on that date, the 15th of December, whether he possessed the cocaine substances found in his bedroom with the intent of delivering, selling, and trafficking the cocaine substance.

And it's for your determination as to the 15th of December whether in that bedroom, which has been referred to as his, if you are satisfied that it was beyond a reasonable doubt, whether he had possession of the cocaine. So that's for your determination. You should take into consideration the totality of the circumstances.

N.T., 10/4/01, at 58–60.

¶ 11 The court did not repeat the words utilized by our Supreme Court to describe constructive possession, *i.e.* "conscious dominion," which requires both the ability to control and the intent to exert control. *Carroll*, 510 Pa. at 302, 507 A.2d at 820–21. But the court is not required to use any specific language in its jury instructions. The court in this case chose to focus not on the general intent to exert control over the drugs, but on the more specific intent to deliver, sell or traffic in the drugs. Intent to deliver, sell or traffic in drugs necessarily implicates an intent to control. If the court instructs that the defendant, to be found guilty, must have the intent to deliver, sell or traffic in the drug, we see no reason why the court must also instruct that the defendant must have the intent to control the drug. Intent to deliver, sell or traffic in the drug cannot be formed independently of an intent to exert control over the drug.

■ ¶ 12 Although the court addressed the intent element, it did not specifically instruct the jury regarding the other element of constructive possession—the *ability* to control the drug. In not doing so, the court erred. Thus, the first prong of the ineffective assistance standard—that the underlying claim has arguable merit—is met. However, this does not end our inquiry, as we must also address the remaining two prongs of the ineffective assistance standard, *i.e.* did counsel have a reasonable strategy to explain her conduct and was appellant prejudiced.

■ ¶ 13 With regard to the reasonable strategy prong as applied to a case of constructive possession, we are aware that in *Hoetzel* a panel of this Court held that defense counsel erred in requesting a jury instruction for possession, rather than for constructive possession. 426 A.2d at 673. The panel determined that counsel could have had no reasonable basis for requesting the wrong charge and then failing to object when the constructive possession charge was not given. However, we are unwilling to hold that *Hoetzel* stands for the proposition that, in all possession convictions where actual possession cannot be shown, defense counsel is ineffective if she does not request a constructive possession charge. First, we note that the doctrine of constructive possession expands the scope of possession statutes to encompass defen-

dants who are not arrested in actual possession of the controlled substances at issue. As such, a constructive possession jury instruction is more likely to be requested by the prosecutor than by defense counsel. Furthermore, *Hoetzel* is distinguishable from the present case by the large amount of circumstantial evidence amassed against appellant. The defendant in *Hoetzel* was linked to the marijuana at issue only by the fact that it was found in the common areas of the residence that he shared with five tenants. *Id.* at 670. The panel emphasized that a proprietary interest in the residence where controlled substances are found does not prove possession of those substances—ability to control and intent to control the substances must be proven to establish possession. *Id.* at 673 & n. 6.

¶ 14 In contrast to the weak evidence against the defendant in *Hoetzel,* in the case at bar the Commonwealth presented extensive evidence against appellant, including testimony that appellant sold cocaine to an informant; documents and testimony suggesting that he resided in a home that was the site of numerous drug sales; testimony that he had over $1000 in cash in his pocket when arrested; testimony that cocaine in large amounts along with baggies and other items used in the drug trade was found in his bedroom.

¶ 15 Given this array of evidence against appellant, we find a reasonable strategy in defense counsel's failure to object to the lack of a constructive possession charge: objecting to the deficient charge would likely have harmed her client by stressing the legal fact that possession can be proven through circumstances other than actual possession. Not to create an emphasis on the fact that appellant could be found guilty of possession even though he was not arrested with drugs on his person was a reasonable strategy for defense counsel

to pursue given the court's instructions. Since we find that counsel had a reasonable strategy for not objecting to the jury instructions, our inquiry is over and we cannot find that counsel was ineffective.

■ ¶ 16 We point out, however, that appellant also cannot meet the final prong of the ineffective assistance inquiry, which is prejudice. To prevail, appellant is required to show that he was prejudiced by counsel's alleged ineffectiveness, and this he cannot do. Under the facts of this case, we cannot imagine that, if defense counsel had urged and the court had given a constructive possession charge, appellant would not have been convicted. Arguably, the charge as given was more favorable to appellant than a constructive possession charge would have been, since the court did not specifically inform the jury that it could find appellant guilty of possession even though when he was arrested he had no drugs on his person. The evidence against appellant was substantial, as summarized above. Although the jury instructions were not ideal, we find virtually no probability that a more thorough charge would have altered the fact of appellant's conviction.

¶ 17 Concluding from our review of the record that appellant's claims of ineffectiveness of counsel are meritless, we deny his petition for remand.

—PCRA Appeal—

■ ¶ 18 We turn now to the issues raised in appellant's counseled PCRA appeal, which concern other allegations of ineffective assistance of counsel. These claims were the subject of a PCRA court evidentiary hearing on January 30, 2004, after which the court denied relief. Our standard in reviewing a PCRA court order is abuse of discretion. We determine only whether the court's order is supported by the record and free of legal error. *Com-*

monwealth v. Allen, 557 Pa. 135, 142, 732 A.2d 582, 586 (1999). As discussed above, to prevail on an ineffective assistance claim, a petitioner must show the arguable merit of his underlying claim, no reasonable strategic basis for counsel's action, and prejudice. Johnson, 572 Pa. at 300, 815 A.2d at 573.

¶ 19 Appellant's first allegation is that trial and appellate counsel were ineffective for failing to raise the issue of violation of the knock and announce rule during execution of a search warrant at his residence. The PCRA court heard contradictory testimonies, from a police officer and from appellant, concerning whether police knocked and announced their presence prior to entry into the residence to serve the search warrant. Appellant claims that the PCRA court erroneously denied appellant relief on this claim, based only on its "cavalier decision to deem the officer [witness] credible." Appellant's Brief, 7/30/04, at 8. We agree with appellant that the issue is one of credibility.

¶ 20 Credibility determinations are the province of the PCRA court. We are bound by that court's credibility determinations where, as in the case at bar, there is support for them in the record. Commonwealth v. Abu–Jamal, 553 Pa. 485, 514, 720 A.2d 79, 93–94 (1998), cert. denied, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1999). A police officer who participated in the search of appellant's residence testified as follows. As the officers walked toward the home and saw several individuals in the driveway, they announced themselves as police with a search warrant. The officers then banged on the door and again announced that they were police officers with a search warrant. At this point someone opened the door and let the officers into the house. Given this support of record for the PCRA court's decision, we have no alternative but to affirm. Appel-

lant's claim is meritless and he is entitled to no relief.

¶ 21 Appellant's second allegation is that appellate counsel was ineffective for failing to raise the issue of the jury instruction regarding marijuana found in his residence. During execution of the search warrant at appellant's residence, the police found cocaine and marijuana. Although appellant was charged with possession with intent to deliver cocaine, he was not charged with any marijuana offense. However, testimony regarding seizure of marijuana as well as cocaine from the residence was presented at trial, apparently as evidence of a common scheme, plan or design. See Commonwealth v. Hughes, 521 Pa. 423, 458–60, 555 A.2d 1264, 1282–83 (1989). The trial court also referred to the marijuana testimony in its charge to the jury:

> Now, I note that none of these charges include the marijuana that was testified to, but you may consider that as indicia, an additional ingredient of the totality of the circumstances in arriving at your verdicts concerning the possession and trafficking in cocaine. That's a factor for you to consider even though there is no charge of possession of marijuana, which is illegal to possess and illegal to traffic it [sic].

N.T., 10/4/01, at 61.

¶ 22 Appellant contends that this jury charge did not provide the jury with a proper limiting instruction as to how the marijuana evidence could be (or could not be) used. We acknowledge that the instruction did not specifically prohibit the jury from using the marijuana evidence to infer that the defendant was of bad character and had a propensity to commit crimes. We agree that the instruction ideally would have been more specific.

¶ 23 However, for appellant to prevail in his allegation of ineffective assistance of counsel, he must show that, had a limiting instruction been given, there is a reasonable probability that the outcome of his trial would have been different. *See Commonwealth v. Cox*, 581 Pa. 107, 863 A.2d 536, 546 (2004). Our review of the record reveals no likelihood that the outcome of appellant's trial would have been different had a limiting instruction been given for this jury instruction. The evidence against appellant was substantial. The cocaine that constituted the basis of the charges against appellant was found during the same search that led to the discovery of the marijuana. Police officers testified that they had conducted controlled buys of cocaine from the residence and from appellant. It is impossible to see how, in the face of this evidence of cocaine possession and sales, the court's brief mention of marijuana could be an determinative factor in appellant's conviction. Appellant suffered no prejudice from counsel's failure to litigate this claim, and he is therefore entitled to no relief.

¶ 24 Remand denied and trial court order affirmed.

¶ 25 BOWES, J. concurs in the result.