J-A24029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MICHAEL GAY, | |
| Appellee | No. 97 EDA 2014 |

Appeal from the Order Entered December 11, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: MC-51-CR-0001605-2013

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

DISSENTING MEMORANDUM BY BENDER, P.J.E.:**FILED DECEMBER 05, 2014**

I respectfully dissent.  I would conclude that the Commonwealth's evidence was insufficient to establish a *prima facie* case that Appellee constructively possessed the cocaine found in the vehicle's glove box.

"Constructive possession has been defined as 'conscious dominion,' which requires two elements: the power to control the contraband and the intent to exert such control." **Commonwealth v. Battle**, 883 A.2d 641, 645 (Pa. Super. 2005) (citations omitted).  "To prove intent to control it must be shown that the defendant *had knowledge of the presence of the*

_____

* Retired Senior Judge assigned to the Superior Court.

*contraband*."  ***Commonwealth v. Stephens***, 331 A.2d 719, 723 (Pa. Super. 1974) (citations omitted; emphasis added).

Here, viewing the evidence in the light most favorable to the Commonwealth, and considering all reasonable inferences based on that evidence, I would conclude that the Commonwealth failed to proffer sufficient evidence that Appellee *knew* the cocaine was in the glove box. Most notably, Appellee *invited* the officers to open the glove box, from which the trial court reasonably inferred that Appellee was unaware of the contraband inside.[1]  This inference is bolstered by the fact that there was no proof that Appellee owned the car,[2] and he was not observed making any movements in the area of the glove box prior to, or during, the stop of the vehicle.

_____

[1] While the Commonwealth avers that Appellee's telling the officers to retrieve paperwork from the glove box demonstrates his knowledge of the contents thereof, it is common practice to store a vehicle's documentation in the glove compartment.  Therefore, Appellee's knowledge that the vehicle's documentation would be inside the glove box did not alone prove that he knew the glove box also contained cocaine.

[2] The Commonwealth repeatedly states that Appellee "told the police that he owned the car…."  Commonwealth's Brief at 12, 14, 16.  This misconstrues the record.  Officer Yanak testified that Appellee stated that the vehicle was "legit and all the paperwork was good."  N.T., 12/11/13, at 11.  Such testimony does not amount to a concession by Appellee that he owned the vehicle.  Moreover, the Commonwealth did not present any other evidence establishing that Appellee owned the car.

Accordingly, I would agree with the trial court that the evidence presented by the Commonwealth at the preliminary hearing was insufficient to prove a *prima facie* case that Appellee constructively possessed the cocaine discovered in the glove box of the vehicle. Thus, I would affirm the court's order precluding the Commonwealth from proceeding to trial on the charges of possession of a controlled substance and PWID.