J-S65004-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONTE FISHER | |
| Appellant | No. 1494 EDA 2013 |

Appeal from the Judgment of Sentence December 20, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011493-2011

BEFORE:  PANELLA, J., OLSON, J., and PLATT[*], J.

MEMORANDUM BY PANELLA, J.                **FILED DECEMBER 17, 2014**

Appellant, Donte Fisher, appeals from the judgment of sentence entered on December 20, 2012, in the Court of Common Pleas of Philadelphia County.  We affirm.

After a waiver trial, the trial court convicted Fisher of possession with intent to deliver (cocaine) and possession of drug paraphernalia.  The issue in this case is simply whether Fisher possessed the cocaine and the drug paraphernalia.  He did.  The facts are as follows.

Detectives with the Fugitive Task Force were in a neighborhood looking for a man (not Fisher) with an outstanding warrant.  They observed the man, the man saw the detectives, and fled.  The detectives gave chase and

_____

[*] Retired Senior Judge assigned to the Superior Court.

the man ran into a home. The detectives entered the home and one of them immediately went upstairs until he reached the third floor. On that floor was a "small bedroom" where a man, later identified as Fisher, was exiting the room, but he had not yet crossed through the bedroom's doorway. N.T., Trial, 10/26/12, at 22.[1] The detective told Fisher to go downstairs while he searched for the fugitive. Apart from the detective, Fisher was the only other person on that floor. (There were four other people in the property at the time of the search.) Inside the room were a bed and a nightstand. The nightstand "rested against the bed…." *Id*., at 24. There was a ceramic plate on top of the bed. On top of the plate were cocaine, several small Ziploc baggies containing cocaine, other "new and unused packaging," and a razor blade. *Id*., at 22. On the nightstand were a Pennsylvania state identification card and an ATM card. Both belonged to Fisher.

Fisher maintains that the Commonwealth presented insufficient evidence to sustain his convictions as it failed to prove that he possessed the

_____

[1] The trial transcript is not in the certified record. Fisher requested a copy of the transcript in the trial court. For whatever reason, the trial court did not forward the transcript along with the certified record. A copy of the transcript is in Fisher's reproduced record and the Commonwealth has not objected to that copy. In the interest of judicial economy, we have not requested the trial court to locate and forward the official transcript, *see Commmonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (en banc), but have elected to use the one provided in the reproduced record. *Accord Commmonwealth v. Walls*, 926 A.2d 957, 959 n.1 (Pa. 2007) (relying on pre-sentence investigation report that appeared only in reproduced record where neither party challenged the validity of the report).

cocaine and drug paraphernalia.[2]   As the detectives did not recover the cocaine and drug paraphernalia from Fisher's person, the Commonwealth must establish constructive possession.

"Constructive possession is a legal fiction, which is invoked when actual possession at the time of arrest cannot be shown, but there is a strong inference of possession from the facts surrounding the case." **Commonwealth v. Battle**, 883 A.2d 641, 644 (Pa. Super. 2005) (citation omitted).    Constructive possession has been defined as "conscious dominion," which has subsequently been defined as "the power to control the contraband and the intent to exercise that control."  **Commonwealth v. Walker**, 874 A.2d 667, 678 (Pa. Super. 2005) (citation omitted). "[C]onstructive possession may be established by the totality of the circumstances."  **Id**. (citation omitted).

Fisher argues that the Commonwealth cannot establish constructive possession as there were other people in the home, that there is a question if he really was even in the room as "he was already at the door when the officers saw him," that anyone could have placed his identification card and ATM card in that room, and "there was no evidence presented as to exactly where in the room the paraphernalia was even found."  Appellant's Brief at 12-13.  These assertions either strain credulity or conflict with the record.

---

[2] For our standard of review, **see Commonwealth v. Harden**, ___ A.3d ___, ___, 2014 WL 5421012, *3 (Pa. Super., filed October 27, 2014).

It is true that there were other people in the residence, but Fisher was the *only* person on that floor. The detective testified that when he first saw Fisher, Fisher "was in the doorway of the bedroom but still more into the bedroom than in the hallway so he didn't cross the threshold of the doorjamb." N.T., Trial, 10/26/12, at 21. Fisher was *alone* in that room—with the cocaine and the paraphernalia, the ceramic plate, razor blade, and Ziploc baggies. His identification card and ATM card were found in very close proximity to the cocaine and drug paraphernalia. An examination of the circumstances leads us to conclude that Fisher had the power to control the contraband and the intent to exercise that control. One would have to suspend reason and common sense to find otherwise.

As the Commonwealth established that Fisher constructively possessed the cocaine and drug paraphernalia, the evidence is sufficient to sustain the convictions.

Judgment of sentence affirmed.

Judge Olson concurs in the result.

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/17/2014

- 4 -