J-S75020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RANDY FLYNN ANDERSON | : | |
| | : | |
| Appellant | : | No. 716 WDA 2019 |

Appeal from the PCRA Order Entered April 25, 2019,
in the Court of Common Pleas of Greene County,
Criminal Division at No(s): CP-30-CR-0000191-2014.

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 6, 2020**

Randy Flynn Anderson appeals *pro se* from the order denying his first

timely petition for relief filed pursuant to the Post Conviction Relief Act.  42

Pa.C.S.A. §§ 9541-46.  We affirm.

This Court previously summarized the pertinent facts and procedural

history as follows:

> On March 10, 2015, [Anderson] entered a negotiated
> guilty plea to [involuntary manslaughter and related]
> charges in the shooting death of Terry Weyrick.  The court
> proceeded immediately to sentencing, and [Anderson]
> received an aggregate sentence of fourteen to twenty-eight
> years of incarceration.  The sentencing transcript did not
> reflect that [Anderson] requested plea counsel to file post-
> sentence motions or a direct appeal on his behalf.
>
> On March 26, 2015, while represented by counsel,
> [Anderson] *pro se* filed a motion seeking to withdraw his

---

[*] Retired Senior Judge assigned to the Superior Court.

guilty plea and averring that counsel "falsely represented him" by informing an unnamed witness to "stay home" on the day of the guilty plea. Subsequently, plea counsel filed a petition to withdraw her representation, which the trial court granted. New counsel was appointed, and [Anderson] subsequently filed motions seeking the removal of new counsel, permission to proceed *pro se*, and for the appointment of standby counsel.

On March 21, 2016, the court held [a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.3d 81 (Pa. 1998)]. At the conclusion of the hearing, the court permitted [Anderson] to represent himself, denied [his] request for standby counsel, and ordered [Anderson] to file a brief arguing the timeliness of his post-sentence motion. On May 25, 2016, the court denied [Anderson's] post-sentence motion.

***Commonwealth v. Anderson***, 170 A.3d 1237 (Pa. Super. 2017), unpublished memorandum at 1-2 (citations to record and footnote omitted). Anderson filed a *pro se* appeal to this Court. On May 19, 2017, we quashed his appeal as untimely.

On February 14, 2018, Anderson filed a *pro se* PCRA petition. Thereafter, the PCRA court appointed counsel, but following Anderson's written request to proceed *pro se*, the court held another ***Grazier*** hearing. Thereafter, the PCRA court granted Anderson leave to proceed *pro se.* Anderson filed an amended PCRA petition on December 20, 2018.

On March 5, 2019, the PCRA court held an evidentiary hearing at which Anderson, his witness, Michael Matthews, and plea counsel testified. By order entered April 25, 2019, the PCRA court denied Anderson's PCRA petition. This timely appeal followed. Both Anderson and the PCRA court complied with Pa.R.A.P. 1925.

Anderson now raises the following two issues:

1. Did the [PCRA court] place far-too-much [sic] reliance on the letter [Anderson] asserted that he received on February 17, 2015 from [plea counsel]; a letter [which] she [categorically] denied composing, that the court, in-turn, negated the substantial weight of [Anderson's] numerous other meritorious claims?

2. Did [Anderson's] numerous averments before the court in his petition(s), filing(s), exhibit(s) and evidentiary hearing establish enough merit that [the] plea entered, (in-fact & in law) was compounded by the ineffective assistance of counsel; abandoning [Anderson's] constitutional right to prove his innocence before the court in a judicial trial, in such a way that, withdraw of such plea should have been afforded?

Appellant's Brief at 3 (excess capitalization omitted).

The Superior Court's standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. **Commonwealth v. Volk**, 138 A.3d 659, 661 (Pa. Super. 2016).

Anderson's issues essentially involve his claim that plea counsel's alleged ineffectiveness caused him enter his guilty plea. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon

- 3 -

a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533.

Ineffective assistance of counsel claims arising from the plea bargaining-process are eligible for PCRA review. ***Commonwealth v. Kelley***, 136 A.3d 1007, 1012 (Pa. Super. 2016). Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary or unknowing plea. ***Id.*** at 1013. When the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. ***Id.***

As noted above, Anderson, his one witness, and plea counsel testified at the PCRA evidentiary hearing. First, Anderson claimed multiple instances when plea counsel was ineffective in representing him, which purportedly induced him to plead guilty. As part of these claims, Anderson testified about a letter he said plea counsel sent to him. Our reading of the hearing transcript supports the Commonwealth's summary of Anderson's testimony in this regard:

> [Anderson] then read a letter he purportedly received from [plea counsel] encouraging him to plead guilty despite his assertions of innocence; cautioning at trial "you would lose and embarrass both of us"; asserting that "being

- 4 -

blacked out drunk is no excuse nor a criminal defense for taking a life in cold blood" although the incident occurred when "you were very drunk" and "the victim was harassing you"; opining that "the fact finder would have no issue reaching a verdict of guilty and then you could face the death penalty" adding "I would benefit [sic] about 10 years on death row or a sentence of life imprisonment, you'd regret not taking a plea that I'm willing to take my time getting for you"; and disparaging the value of "good character" witnesses.

Commonwealth's Brief at 7-8 (citation to record omitted). The Commonwealth cross-examined Anderson concerning each ineffectiveness claim and challenged the authenticity of the letter at issue.

Anderson next called Michael Matthews, a person who was going to provide character testimony on his behalf at trial. Matthews claimed he received a message from plea counsel the day before the plea hearing advising him that he need not appear. *See* N.T., 3/5/19, at 50.

Plea counsel then testified on behalf of the Commonwealth. The Commonwealth summarized her testimony as follows:

[Plea counsel] testified that she received discovery, to include the "GSR" (gunshot residue) report and reviewed the discovery with [Anderson]. She produced a December 16, 2014 letter whereby she sent additional discovery to [Anderson]. She compared this letter to the letter produced by [Anderson] noting the differences to include the letterhead, e-mail address, spelling of "Greene", font, paper stock, and initials at the end. Referring to the letter submitted by [Anderson], she stated: "This is not my letter, I did not write this letter." She submitted a letter that she sent to [Anderson] following his guilty plea. This letter referenced his post-sentence and appellate deadlines. She testified that [Anderson] never asked her to file a request to withdraw his plea. As his *pro se* request [to withdraw his

plea] alleged her ineffectiveness, she filed a motion to withdraw.

[Plea counsel] testified that, during the course of her representation of [Anderson] she reviewed "at length" the evidence as well as potential defenses, to include [Anderson's] [initial] assertion [to police] that the gun had accidently discharged. She stated that [Anderson] never denied recollection or claimed he had "blacked out" during the incident or while providing statements to the police. She knew of no legal basis for filing a motion to suppress "based on my reading of the evidence at the time." She prepared for trial while disclosing potential plea offers. She had "advised [Anderson] from the very beginning that the Commonwealth was not seeking the death penalty[.]" If the case had proceed to sentencing following a trial or open plea, she would have presented the testimony of character witnesses.

Commonwealth's Brief at 10-12 (citations to record omitted).

Following Anderson's brief cross-examination of plea counsel, the PCRA court asked plea counsel additional questions about the authenticity of the letter presented by Anderson. She reiterated, "I'm categorically saying I did not write that." N.T., 3/5/19, at 75.

In its concluding comments, the PCRA court stated, "I really think that everything kind of turns on this letter - - that you're saying, that you - - and lots of other things you're saying, that your attorney was ineffective, that as a result of her ineffectiveness it forced you to enter a plea of guilty, and that you believe that you were potentially facing the death penalty if you didn't enter a plea to the charges[.]" N.T., 3/5/19, at 85. When the court asked Anderson if it understood his claims correctly, Anderson responded, "That's true." *Id.*

By order entered April 25, 2019, the PCRA court denied Anderson's PCRA petition. After recognizing that the gravamen of Anderson's claim of ineffective assistance "is a plea of guilty unlawfully induced," Order, 4/25/19, at 1, the court stated:

> The Court as finder of fact believes the determination of facts with regard to the authenticity of [the letter produced by Anderson] is critical to the Court's decision as to whether [plea counsel] was effective in her representation.

*Id.* at 4. The PCRA court then discussed the conflicting testimony regarding the author of the letter and its contents, and ultimately concluded that the letter "is not authentic, and therefore, will not be considered by the Court." *Id.* at 6.

In his first appellate issue, Anderson claims that the PCRA court placed too much emphasis on the authenticity of the letter to the detriment of his other ineffectiveness claims. As a matter of credibility, the PCRA court believed plea counsel's version of the contested facts. We cannot disturb this determination. *See Commonwealth v. Harmon*, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's determination of credibility is supported by the record, it cannot be disturbed on appeal). *See also Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (explaining that, because the record supports the PCRA court's credibility determination, the determinations are binding on an appellate court). Notwithstanding our inability to disturb the PCRA court's credibility determinations, the PCRA court

specifically stated that it did not consider the letter when it otherwise determined whether Anderson's plea counsel was ineffective. As such, this issue warrants no relief.

In his second issue, Anderson essentially claims that his numerous ineffectiveness claims, as a whole or individually, establish his claim that counsel's ineffectiveness caused him to enter a guilty plea. In its order denying Anderson's PCRA petition, the PCRA court explained in detail why it found no merit to Anderson's multiple ineffectiveness claims:

> The Court will now take up the remaining PCRA issues raised by [Anderson]. In hearing the testimony of [plea counsel], the Court is convinced that [she] is, and was, an experienced criminal defense attorney. The Court now determines that Anderson was never advised that he could be subject to the death penalty, without proper notice pursuant to the Rule of Procedure.
>
> The Court determines that [plea counsel] was prepared for trial. The Court recognizes that the charge was one of general homicide and that [Anderson's] plea of guilty to the voluntary manslaughter charge presented significant benefit when he avoided exposure to the higher graded offenses of homicide.
>
> [Anderson] indicates in his PCRA Petition that [plea counsel] was ineffective because he was never advised that voluntary intoxication is a defense to a first degree murder charge. The Court now determines that [plea counsel] was an experienced criminal defense attorney and the Court determines that proper advice was given as to the use of voluntary intoxication as a defense.
>
> [Anderson] indicates in his PCRA Petition that plea counsel was ineffective when she did not coach [him] for allocution. The Court recognizes and put great weight on the testimony of [plea counsel] when she indicates that a negotiated plea agreement generally does not require significant allocution by the [defendant]. The Court also

- 8 -

recognizes that had there been an open plea and discretionary sentencing by the [trial court] that the need for [Anderson] to present himself in a favorable light would have been addressed by [plea counsel].

[Anderson] indicates in his PCRA Petition that plea counsel was ineffective when she failed to visit the [crime] scene. The Court determines that [plea counsel] was not ineffective when she failed to visit the scene [because] there was no need for her to visit the scene. This was a negotiated plea agreement, and the Court is convinced that [plea counsel] would be fully prepared had the matter proceeded to trial.

[Anderson] indicates in his PCRA Petition that plea counsel was ineffective when she did not call character witnesses. The Court determines that there was no need for the calling of character witnesses as this was a negotiated plea agreement presented to and accepted by the [trial court].

[Anderson] indicates in his PCRA Petition that plea counsel was ineffective when she did not share discovery with him. Attorney Harry Cancelmi, the chief public defender of Greene County, was original [counsel] for Anderson. [Plea counsel] was later hired and retained by [Anderson]. [Plea counsel] received discovery materials from various sources and provided those to [Anderson].

In hearing the testimony of Anderson, he indicates that [a Commonwealth witness] stated that [the witness] handled the .22 rifle. Anderson suggests that the latent fingerprint report did not show the fingerprints of [the Commonwealth's witness. [*See* PCRA Exhibit 1.] Anderson posits that [the witness] was untruthful about handling the gun, as [the witnesses'] fingerprints were not found.

[Anderson] also indicates that the gunshot residue evidence reveals that gunshot residue was found on both [the Commonwealth witness] and Anderson. [*See* PCRA Exhibit 2.] Anderson suggests that exhibits 1 and 2 are exculpatory and were not provided to him in discovery. In hearing the testimony of Anderson and [plea counsel], the Court now determines that all discovery was provided to [Anderson] prior to the entry of his plea of guilty.

> [Anderson] indicates in his PCRA Petition that plea counsel was ineffective when she did not seek suppression of [Anderson's] statements made to the State Police. Presumably, [Anderson] seeks suppression based on his level of intoxication, now suggesting that he was so intoxicated at the time of the statements that he was unable to consent. [Plea counsel] indicated that she did not believe the statements were subject to suppression, but instead would go to the trier of fact to determine weight.

PCRA Court Opinion, 4/26/19 at 6-11 (footnotes omitted).

Again, our review of the record supports the PCRA court's conclusions. The PCRA court credited the testimony of counsel over the testimony and other allegations made by Appellant at the PCRA hearing. We cannot disturb this determination. **See Commonwealth v. Battle**, 883 A.2d 641, 648 (Pa. Super. 2005) (explaining that credibility determinations are solely within the province of the PCRA court).

Additionally, we note that Anderson is bound by the statements he made in his written plea colloquy and his statements made during the oral colloquy. **See generally**, **Commonwealth v. Pollard**, 832 A.2d 517 (Pa. Super. 2003). In this appeal, Anderson essentially attempts to contradict his statements by raising multiple claims of plea counsel's ineffectiveness. This he cannot do.

Finally, to the extent Anderson claims "cumulative prejudice" in light of his many ineffectiveness claims, we note that the aggregation of meritless claims will not establish counsel's ineffectiveness—no "cumulative'" prejudicial effect can be found when each individual claim of ineffectiveness lacks merit. **Commonwealth v. Fisher**, 813 A.2d 761, 773 (Pa. 2002)(citation omitted).

In sum, because our review of the record supports the PCRA court's determination that Anderson's claims of ineffectiveness lack merit, we affirm its order denying Anderson post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2020