J-S26007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HEATHER MARIE SELLERS | : | |
| | : | |
| Appellant | : | No. 405 MDA 2022 |

Appeal from the PCRA Order Entered February 9, 2022,
in the Court of Common Pleas of Columbia County,
Criminal Division at No(s):  CP-19-CR-0000502-2010.

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:               **FILED:  SEPTEMBER 14, 2022**

Heather Marie Sellers appeals from the order denying her first timely petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows.  On September 15, 2011, a jury convicted Sellers of two counts each of rape and involuntary deviate sexual intercourse based on acts she perpetuated upon her minor stepson.[1]  The trial court sentenced Sellers on November 28, 2012.  After hearing contradictory evidence from two experts, the court did not designate

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Paul Sellers, the child's biological father, was a co-defendant in a joint trial. He was convicted of two counts each of rape of a child and aggravated indecent assault and received the same aggregate sentence.

Sellers a sexually violent predator. The trial court then sentenced Sellers to an aggregate term of eight to twenty-two years of imprisonment. She did not file a post-sentence motion.

Sellers filed an appeal to this Court in which she challenged the sufficiency and the weight of the evidence supporting her convictions. On September 23, 2013, we affirmed her judgment of sentence after rejecting her sufficiency claim and finding her weight claim waived because it was not preserved below. *See Commonwealth v. Sellers*, 87 A.3d 389 (Pa. Super. 213) (non-precedential decision). Sellers did not seek further review.

Sellers filed a *pro se* PCRA petition on April 8, 2014. The PCRA court appointed counsel, and PCRA counsel filed an amended petition on January 9, 2015. Although the PCRA court scheduled an evidentiary hearing for March 5, 2015, the hearing was not held until February 3, 2022.[2] Sellers and trial counsel testified at the hearing. That same day, the PCRA court entered an order denying Seller's amended PCRA petition. This timely appeal followed. Both Sellers and the PCRA court have complied with Pa.R.A.P. 1925.

Sellers raises the following two issues on appeal:

1. Whether the [PCRA] court's order denying [Sellers'] PCRA petition must be reversed where [Sellers'] trial counsel was ineffective [for] his failure to present factual and character witnesses who could testify as to the interactions of the victim and [Sellers] and was there a

---

[2] The certified record provides no reason for this extensive delay. The only motion that appears therein is the grant of a defense continuance from January of 2022.

- 2 -

reasonable probability [that] the outcome of the proceedings would have been different but for counsel's inaction.

2. Whether the [PCRA] court's order denying [Sellers'] PCRA petition must be reversed where [Sellers'] trial counsel was ineffective [for] his failure to fille a post sentencing motion with the trial court thereby preserving a weight-of-the-evidence claim for appeal and was there a reasonable possibility [that] the outcome of the proceedings would have been different but for counsel's inaction.

Sellers' Brief at 4 (excess capitalization omitted).

Our scope and standard of review are well settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

Both of Sellers' issues claim that trial counsel was ineffective. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will

only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

In her first issue, Sellers asserts that that trial counsel was ineffective for failing to call factual and/or character witnesses on her behalf at trial. According to Sellers, she "provided names of witnesses to [trial] counsel to provide testimony to add to [her] credibility and to discredit the victim's allegation of sexual abuse." Sellers' Brief at 9. She further asserts that trial counsel did not contact these witnesses.

As we have observed:

> When raising a claim of ineffectiveness for failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the [*Strickland v. Washington*, 466 U.S. 668 (1984)] test by establishing that: (1) the witness existed; 2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial[.]

- 4 -

***Commonwealth v. Matias***, 63 A.3d 807, 810-11 (Pa. Super. 2013) (quoting ***Commonwealth v. Sneed***, 45 A.3d 1096, 1108-09 (Pa. 2012)).

Sellers has failed to meet her burden of proof. Although her trial counsel knew of the witness and did not contact them—facts trial counsel conceded at the evidentiary hearing—Sellers has not established the remaining ***Matias*** factors. Importantly, Sellers did not call any of these witnesses to testify at the PCRA hearing. Claims of trial counsel's ineffectiveness are not self-proving and therefore cannot be raised in a vacuum. ***See generally***, ***Commonwealth v. Pettus***, 424 A.2d 1332 (Pa. 1981).

Moreover, the PCRA court credited trial counsel's PCRA hearing testimony that, as a matter of trial strategy, he had legitimate reasons for deciding "who to call and who not to call as witnesses." PCRA Court Opinion, 4/11/22, at 2. We cannot disturb this determination. ***See Commonwealth v. Battle***, 883 A.2d 641, 648 (Pa. Super. 2005) (explaining that credibility determinations are solely within the province of the PCRA court).

Finally, the PCRA court concluded that, "[u]nder all the facts, the strategy was not unreasonable." PCRA Court Opinion, 4/11/22, at 2. The following exchange between PCRA counsel and trial counsel supports this conclusion:

> [BY TRIAL COUNSEL:]
>
> [Co-defendant's counsel] and I did kind of do a joint defense with the two defendants.
>
> ***

We also discussed the fact that we had here in this case various other individuals who were accused of and admitted, in fact, one of them had admitted abuse of this [victim], so we didn't feel that medical records would put anything into play that we didn't think was already in play with the abuse done by another individual.

We also, as a matter of strategy, we also were concerned about continuing to bring in all different evidence of abuse and different people and that type of thing as confusing the jury, so we made a determination not to go with that.

[BY PCRA COUNSEL:]

Q. Do you remember [Sellers] bringing up the three names that she mentioned in terms of witnesses who had helped elaborate on how [the victim] interacted with the family?

A. I do recall the names, and, again, [co-defendant's counsel] and I had done it jointly, we discussed those individuals. And, you know, Pennsylvania has a pretty high standard for, if you're talking about character evidence, [you] have to go through the step of saying that you know people in the community who know their [trait] for truthfulness, that type of thing.

And I have also - - in my trial experience, I have had, unfortunately, a number of situations where those kind of witnesses blow up and witnesses get on and don't have much to say or don't meet the standard for testimony with regard to character witnesses.

So again, after consultation, [co-defendant's counsel] and I determined that it was best not to proceed with them but to let [Sellers] and Paul who we, right or wrong, felt - - and [Sellers] was a good defendant for me and she cooperated fully with me and Paul did, too. I had known Paul before for representation and we really felt that the two of them were the best ones to put on the evidence by their own testimony and got rid of some of the possibilities that go on with character evidence.

Q. So you did not speak with any of those individuals?

A. We did not, no.

N.T., 2/3/22, at 22-24 (excess capitalization omitted). Upon cross-examination, the Commonwealth confirmed with trial counsel that any decisions he made about who he would call as witnesses and what evidence to present were all "matters of trial strategy." *Id.* at 34-35.

Our Supreme Court has repeatedly ruled that

> a petitioner is not entitled to relief because counsel's trial strategy was unsuccessful; when the course chosen was reasonable, counsel cannot be faulted for failing to pursue a different path. Speculation by hindsight that a different strategy might possibly have been successful is not the test which establishes ineffectiveness of counsel."

*Commonwealth v. Fisher*, 813 A.2d 761, 767 (Pa. 2002) (citation omitted). To sustain a claim of ineffectiveness predicated on strategy, a litigant must prove that the strategy employed by trial counsel "was so unreasonable that no competent lawyer would have chosen that course of conduct." *Commonwealth v. Chmiel*, 889 A.2d 501, 541 (Pa. 2005). Sellers cannot meet this burden. As mentioned above, Sellers failed to present any potential witnesses that were available and willing to testify as to pertinent facts or character traits.[3] Thus, Sellers' first ineffectiveness claim fails.

In her second issue, Sellers argues that trial counsel did not file a post-sentencing motion to preserve the weight of the evidence issue for direct

---

[3] Indeed, Sellers asserted only that she "identified three (3) names in particular who were individuals who were around [Sellers], her spouse, and the victim in several different settings." Sellers' Brief at 7.

appeal. *See* Sellers' Brief at 9. According to Sellers, "[t]here is a reasonable probability that the outcome of the lower court proceedings would have been different but for [trial] counsel's actions or inaction." *Id.* We disagree.

Because we find Sellers' underlying challenge to the weight of the evidence to be without arguable merit, trial counsel was not ineffective for failing to preserve this issue on direct appeal. *Johnson*, *supra*.

When we review a challenge to the weight of the evidence, we do not actually examine the underlying question; instead, we examine the trial court's discretion in resolving the challenge. *Commonwealth v. Leatherby*, 116 A.3d 73, 82 (Pa. Super. 2015) (citation omitted). This type of review is necessitated by the fact that the trial court heard and saw the evidence presented. *Id.* Moreover, "[o]ne of the least assailable reasons for granting or denying a new trial is the trial court's belief that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interests of justice." *Id.*

In this context, a new trial is warranted only when the verdict is "so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014) (citation omitted). It is essential to note that the finder of fact "exclusively weighs the evidence" and "assesses the credibility of witnesses." *Commonwealth v. Konias*, 136 A.3d 1014, 1023 (Pa. Super. 2016).

Here, the PCRA court noted that in its opinion prepared for Sellers' direct appeal it "ruled that the evidence was sufficient to support a conviction and the weight of the evidence supported the verdict." PCRA Court Opinion, 4/11/22, at 2. Referencing Sellers' direct appeal, the court further stated "both [the trial] court and the Superior Court noted that a major issue for the jury was credibility. The jury apparently believed the Commonwealth witnesses and found [Sellers] guilty." *Id.* at 2-3.

Indeed, at sentencing, in reference to Sellers renewed motion for judgment of acquittal, the court stated:

> [W]hat we had here was basically [Sellers] word against a fifth grader who was looking back five years. Okay, that's what we had here. The jury believed the fifth grader looking back five years. Under an arrest of judgment, I cannot reverse a case based upon credibility determinations, and that's what it was. I cannot do that. Legally I cannot do that.

N.T., 11/28/12, at 44. The same would hold true had Sellers' trial counsel raised a weight challenge on direct appeal. **Konias**, **supra**. Thus, Sellers' second ineffectiveness claim fails.

In sum, because the record supports the PCRA court's conclusion that Sellers' trial counsel had a reasonable trial strategy, and a weight of the evidence challenge on appeal would have been meritless, we affirm the PCRA court's order denying Sellers post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>09/14/2022</u>