J-S43030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEE ENDERLE | : | |
| | : | |
| Appellant | : | No. 1684 EDA 2022 |

Appeal from the PCRA Order Entered February 3, 2022,
in the Court of Common Pleas of Chester County,
Criminal Division at No(s): CP-15-CR-0002900-2013.

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED FEBRUARY 14, 2023**

Lee Enderle appeals the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and procedural history are as follows: Enderle was charged with multiple sexual offenses following an incident with his seven-year-old neighbor. Following a four-day trial, a jury convicted him on all of the charges. On March 6, 2015, the trial court sentenced him to an aggregate term of nine to eighteen years of imprisonment and a consecutive ten-year probationary term. The trial court denied Enderle's timely post-sentence motion. Although Enderle originally filed a notice of appeal to this Court, he later discontinued it by motion and an order entered August 5, 2016.

On April 20, 2017, Enderle filed a timely *pro se* PCRA petition. Thereafter, the court appointed counsel who was later permitted to withdraw.

On October 18, 2019, the PCRA court appointed new counsel. On February 19, 2020, new counsel filed a motion to withdraw and "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Enderle filed a *pro se* response. On November 5, 2018, the PCRA court issued a Pa.R.A.P. 907 notice of its intent to dismiss Enderle's PCRA petition without a hearing. The court also granted new counsel's motion to withdraw. By order entered March 5, 2020, the PCRA court denied the petition.

Enderle filed a *pro se* appeal to this Court in which he raised five issues, including a claim that trial counsel was ineffective for conceding Enderle's guilt to some of the charges during her closing argument. Although we found no merit to four of Enderle's claims, we concluded that Enderle raised a material issue of fact—whether he consented to trial counsel's concession of guilt to some of the charges the Commonwealth filed against him. **See Commonwealth v. Enderle**, 256 A.3d 33 (Pa. Super. 2021), (non-precedential decision at *20). We further stated that, because resolution of this fact involved a credibility assessment, and the PCRA court dismissed the claim without a hearing, we remanded the matter so the PCRA court could hold an evidentiary hearing, as to only this issue, after which it could make the required factual and credibility determinations and grant post-conviction relief if appropriate. **Id.** We also directed the PCRA court to appoint new counsel for Enderle.

Following remand, the PCRA court appointed new counsel and scheduled an evidentiary hearing for October 12, 2021. On that date, Enderle and trial counsel presented testimony regarding trial counsel's decision to concede guilt as to certain charges during her closing argument. By order entered February 3, 2022, the PCRA court denied Enderle's petition. This appeal followed.[1] Both Enderle and the PCRA court have complied with Pa.R.A.P. 1925.

Enderle raises the following issue on appeal:

I.      Whether the PCRA court judge erred in holding that trial counsel was effective in her representation of [Enderle] when [she] did not consult with [Enderle] prior to closing arguments where trial counsel conceded on some of the charges.

Enderle's Brief at 5 (excess capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Following the evidentiary hearing, the PCRA court filed an opinion in which it made detailed findings of fact based on hearing testimony. *See* PCRA

---

[1] Although Enderle did not file a timely appeal, by agreement of the parties he was later granted the right to file an appeal *nunc pro tunc*.

Court Opinion, 2/3/22, at 1-1. The court then provided the following discussion:

> The court examined the testimony from the hearing, the PCRA pleadings, the transcript of the trial closing argument, and the record to determine if [Enderle's] claim that trial counsel did not discuss conceding guilty to some of the charges prior to closing argument was credible. It is clear to this court that [Enderle's] testimony that [trial counsel] never discussed conceding to some of the charges is not credible.
>
> [Trial counsel] has been a criminal defense attorney for over sixteen years and has handled at least one thousand cases. Her lack of specific memory of her conversation with [Enderle] is not dispositive of this issue. It is her standard practice to never concede guilt without a client's approval, as that would be legally inappropriate.
>
> The testimony of [trial counsel] was extremely credible in that she admitted to not remembering the specific conversations with [Enderle] but was emphatic about the fact she would not have conceded guilt without [Enderle's] permission to do so. Her testimony also rings true in that due to the generic nature of the concession, she believes that they went back and forth in their discussions. Since [Enderle] did not want to concede to specific named charges, the plan to concede generally was conceived.
>
> This court finds that [trial counsel] and [Enderle] discussed the strategy of conceding to some of the charges. This court further finds that [Enderle] agreed and gave [trial counsel] his approval to concede generally to some of the charges during closing argument. Therefore, [Enderle's] final PCRA issue is found to be without merit and must be dismissed.

PCRA Court's Opinion, 2/3/22, at 7 (excess capitalization omitted).

As a matter of credibility, the PCRA court believed trial counsel's version of the contested facts. We cannot disturb this determination. *See*

*Commonwealth v. Harmon*, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's determination of credibility is supported by the record, it cannot be disturbed on appeal).

In arguing to the contrary, Enderle asserts that the PCRA court "found incorrectly that [trial counsel] discussed the strategy of conceding some of the charges with [him] prior to her Closing Argument and that the strategy of concession was agreed upon by [Enderle]." Enderle's Brief at 12. He then asserts that facts regarding his discussions with was not "contested," because he presented "very credible" testimony and trial counsel could not remember any specific conversations she had with him. *Id.* at 14-16.

Enderle is essentially asking this Court to substitute our judgment for that of the PCRA court. This we cannot do. *See Commonwealth v. Battle*, 883 A.2d 641, 648 (Pa. Super. 2005) (explaining that credibility determinations are solely within the province of the PCRA court); *Commonwealth v. Todd*, 820 A.2d 707, 712 (Pa. Super. 2003)(explaining that this Court "must defer to the credibility determinations made by the [PCRA] court that observed a witness's demeanor first hand)."

In sum, this Court previously found four of Enderle's appellate issues to be without merit. *Enderle*, *supra*. After an evidentiary hearing, the PCRA court found Enderle's final issue to be without merit. Because our review of the record supports the PCRA court's conclusion, we affirm the order denying Enderle post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>2/14/2023</u>